*Decision will be entered under Rule 50.*

GORDON S. WAYMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20005.    Promulgated June 26, 1950.

*Perry W. Shrader, Esq.*, for the petitioner.
*Elmer L. Corbin, Esq.*, for the respondent.

OPINION.

HILL, *Judge*: With respect to the first question, respondent urges that petitioner is not entitled to dependency credits for his sister-in-law, Ludie Jones, under section 25 (b) (2) (A) of the code [1] applicable to the years in question because "he could not tell, nor did he know what her total expenses were or what amount he expended for her support." He adds:

\* \* \* Whether or not over half of a person's support for the taxable year was received from the taxpayer shall be determined by reference to the amount of expense incurred by him for said support. Petitioner has failed to furnish this proof.

We do not agree with respondent that in the circumstances of this case petitioner must show the actual amount of his expenditures for supporting his sister-in-law. The record clearly establishes that he contributed all of her support during the years involved and that she had no other means of support. The exact amount, therefore, is not of critical importance to petitioner's case. We hold that petitioner is entitled to the credits claimed for 1942 and 1943.

With respect to the second question, it is respondent's contention that petitioner is not entitled to the benefits of section 107 of the code, [2] first, because the $8,896.67 which petitioner received in 1943 was paid solely for services as trustee, and that, since those services extended over a period of less than 14 months, the requirement of the statute that the services be performed for 36 months or more has not been met. He contends, in the alternative, that petitioner's services as

---

[1] SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.

\*    \*    \*    \*    \*    \*    \*

(b) CREDITS FOR BOTH NORMAL TAX AND SURTAX.—There shall be allowed for the purposes of the normal tax and the surtax the following credits against net income:

\*    \*    \*    \*    \*    \*    \*

(2) CREDIT FOR DEPENDENTS.—

(A) Allowance in General.—$350 for each person (other than the husband or wife) dependent upon and receiving his chief support from the taxpayer if such dependent person is under eighteen years of age or is incapable of self-support because mentally or physically defective. \* \* \*

[2] SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAY.

(a) PERSONAL SERVICES.—If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.

accountant, deputy trustee, and trustee may not be separated, in which event at least 80 per cent of the total compensation for personal services was not received in one taxable year, as is also required by section 107.

Petitioner argues, however, that he comes squarely within the provisions of section 107 because the trustee fees which he received in 1943 were for personal services rendered over a period of 15 years as an assistant to the trustees, deputy trustee, and substitute trustee of the Henry D. Lee trust estate.

We hold that respondent's determination on this issue is proper. After careful consideration of the entire record we can not agree with petitioner that his services as assistant to the trustees and as deputy trustee should be tacked to his services as trustee. We think rather that those services were complementary to and a part of his duties as an accountant for the trust estate, for which he received a remuneration separate and additional to that paid for his services as trustee. The facts disclose that his appointment as deputy was for the purpose of facilitating his duties as accountant to the trust and that the appointment was not intended to and, in fact, did not make him a trustee. Petitioner at no time prior to his appointment in 1942 acted as a trustee. He never shared in the 5 per cent trustees' fees allowed for disbursement of income prior to his appointment as trustee on November 6, 1942. No additional income was ever authorized for any duties as a deputy separate and apart from those as accountant.

Petitioner argues that the fact that he received more than the other trustees at the distribution of the trust estate indicates that his remuneration covered a period longer than that during which he served as trustee. We do not agree. It may be true that during the period in which he was a trustee he worked considerably more than the other trustees. But this does not militate against the fact that the amount in question was paid to petitioner as a trustee, in which capacity he served for a period of substantially less than 36 months.

We therefore conclude that the services performed prior to 1942 were those of an accountant and may not be considered together with his duties as trustee. It follows that petitioner does not qualify for any benefits under section 107, since his services as trustee did not cover a period of 36 calendar months or more.

*Decision will be entered under Rule 50.*