John N. Davis and Georgia G. Davis v. Commissioner.
Davis v. Commissioner
Docket No. 26531.
United States Tax Court
1952 Tax Ct. Memo LEXIS 100; 11 T.C.M. (CCH) 905; T.C.M. (RIA) 52262; August 27, 1952
*100 The petitioners, husband and wife, furnished more than one-half of the support of their mother, brother, sister and two children of another sister, and are entitled to claim them as dependents under section 25 (b), Internal Revenue Code. Georgia G. Davis, pro se. Frederick T. Carney, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The petitioners, husband and wife, are residents of Tuskegee, Alabama. They filed their joint income tax return for the calendar year 1946 with the collector of internal revenue for the district of Alabama. The petitioners are employed by the Veterans Administration. Petitioner John Davis is an occupational therapist aide and petitioner *101 Georgia Davis is a registered nurse. Their combined salaries in 1946 totaled $5,222.46. During the year 1946, Maggie Smith, an invalid sister of the petitioner John Davis, lived alone in a small house owned by him, located about 35 miles from Tuskegee. She was unable to work, had no income, and paid no rent for the house. Her neighbors provided her with the physical assistance she needed. The petitioners visited her several times each month and twice a month gave her money for her support. This was her only means of financial support. In 1946 the petitioners furnished more than one-half of the support of Maggie Smith, the sister of the petitioner John Davis. The petitioner Georgia Davis owned jointly with her mother a house in Dallas, Texas. The house was occupied by Georgia Davis' mother who was 56 years of age, Georgia's brother, 14 years of age, and her sister who was not claimed as a dependent. The sister had three children who lived in the house, one a daughter aged seven, and a son aged twelve, both of whom were claimed as dependents by the petitioners. The sister suffered from a mental ailment and was unemployed. The residence and address of the father of her children *102 were unknown and he did not contribute to their support. The mother and brother were employed occasionally but their earnings were not sufficient to provide for one-half of their support. The petitioners paid the taxes and interest charges on the mortgage on the house in Dallas and did not charge rent for its occupancy. Every two weeks the petitioners would send to Georgia Davis' family and relatives living in the house in Dallas approximately $25 to $40 either entirely in cash or in part by payment of their grocery bill. In addition, Georgia Davis made clothing for the children. Georgia Davis' family and relatives living in the house in Dallas had no means of financial support other than the earnings of the mother and brother and the support supplied by the petitioners. In the year 1946, the petitioners furnished more than one-half of the support of Georgia Davis' mother, brother, niece and nephew. Opinion ARUNDELL, Judge: The factual question before us is whether the petitioners contributed more than one-half of the support of certain individuals claimed as dependents. Section 25 (b) (1) (C), Internal Revenue Code. The parties agree that the individuals *103 claimed as dependents are within the permitted class. Section 25 (b) (3). The evidence reveals that in 1946 two of the individuals had insignificant earnings, the remainder had no earnings whatsoever, and all depended almost entirely on the financial support given by the petitioners. The petitioners supplied them with rentfree dwellings, paid the taxes and interest charges on the dwellings, paid grocery bills, supplied some clothing, and twice a month sent money for their support. The evidence satisfies us that in 1946 the petitioners contributed more than one-half of the support of those individuals. Cf. Gordon S. Wayman, 14 T.C. 1267, Michael T. Fisher, 16 T.C. 1144. They are, therefore, entitled to claim them as dependents in 1946. Section 25 (b), Internal Revenue Code. Decision will be entered under Rule 50.