Dorothy O. Sumner v. Commissioner.
Sumner v. Commissioner
Docket No. 39229.
United States Tax Court
1954 Tax Ct. Memo LEXIS 299; 13 T.C.M. (CCH) 140; T.C.M. (RIA) 54053; February 15, 1954
*299 Petitioner furnished more than one-half the support of her mother and minor sister during the calendar year 1949 so as to entitle her to the dependency credits provided by sections 25 (b) (1) (D) and 25 (b) (3) of the Internal Revenue Code. Lee S. Jones, Esq., 920 Kentucky Home Life Building. Louisville, Ky., for the petitioner. John C. Calhoun, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: The respondent determined a deficiency in the income tax of the petitioner for 1949 in the amount of $186. The only issue is whether the petitioner furnished more than one-half the support of her mother and minor sister during the calendar year 1949 so as to entitle *300 her to the dependency credits provided by sections 25 (b) (1) (D) and 25 (b) (3) of the Internal Revenue Code. Findings of Fact Petitioner is a married woman residing with her husband in Louisville, Kentucky. She filed a separate individual income tax return for the calendar year 1949 with the collector of internal revenue at Louisville, wherein she claimed dependency credits for her mother, Mrs. Ruth J. Otto, and her minor sister, Shirley Anne Otto. Petitioner was employed a portion of the year 1949 as a laboratory technician by the E. I. DuPont Company, for which she received total wages in the amount of $1921.99. Her husband's income, reported separately, was $3,842.56. Petitioner's mother was employed a portion of the year as a pianist by the Louisville Department of Recreation, for which she received $344. She also received $288 from the Veteran's Administration as compensation benefits on account of her husband, who was confined to a Veteran's Hospital. Of this amount $216, or $18 per month, was paid her for her own account and $72, or $6 per month, was paid her for her daughter, Shirley Anne Otto. Shirley, who was 16 years of age in 1949, and attended *301 school during the school term, was not employed and earned no income during 1949. During the first eight months of 1949 petitioner's mother and sister lived in the house of petitioner's aunt, where they occupied one room and shared in kitchen privileges. They paid no rent as such but did pay one-half the utility bills - gas and electricity, amounting to $14, and furnished three tons of coal costing $36. They had their meals separate from the aunt and furnished their own food. They also had a separate telephone and newspaper. During the last four months of 1949 petitioner's mother and sister resided with petitioner and her husband in a house which the latter had purchased. They also took their meals with petitioner and her husband. During the first eight months of 1949 when petitioner and her husband were living alone in an apartment their food bill was approximately $20 per week. During the last four months of the year, after they had moved into a house of their own and petitioner's mother and sister were living with them, their food bill was approximately $30 or $35 per week. The estimated additional cost to petitioner and her husband during the four months of 1949 her mother and *302 sister lived with them was $200. During the taxable year petitioner's mother and sister incurred the following expenses: Doctors
$ 97.00
Kentucky Baptist Hospital (not compensated for by insurance)
47.00
Lesshafft Pharmacy
44.66
Insurance premium - mother
24.50
sister
12.45
Blue Cross Hospitalization (both)
25.00
Department stores: Bacon's
92.34
Stewart's (paid in 1949)
153.94
Kaufman Straus
182.15
Besten & Langen
9.96
Sister's spending allowance ($1.50 per week)
78.00
Shows ($1.50 per week)
78.00
Sister's schooling: bus fares
15.00
lunch
52.50
band trips
10.00
books
14.50
Utilities - 8 months at Aunt's
14.00
Coal - 8 months at Aunt's
36.00
Telephone - 8 months at Aunt's
35.36
Newspaper - 8 months at Aunt's
14.40
Food - 8 months at Aunt's
320.00
Mother's bus fare
21.50
Church
13.00
Total
$1,391.26
To the extent that their income permitted, to wit, $632.00, petitioner's mother and sister paid their own expenses. All in excess of that amount, or $759.26 ($1391.26 minus $632.00), was paid for by the petitioner. In addition thereto petitioner furnished her mother and sister board and lodging in her home during four months *303 of 1949 at an estimated cost of approximately $200. Petitioner furnished more than one-half the total support of her mother and minor sister during the taxable year 1949. Opinion The sole issue presented in this proceeding is whether the petitioner furnished more than one-half the support of her mother and minor sister during the calendar year 1949, so as to entitle her to the dependency credits provided by section 25 (b) of the Internal Revenue Code applicable to the year involved. This is essentially a question of fact. It is respondent's contention that the petitioner has failed to sustain her burden of proof by showing the total cost of support of her mother and sister, and, that she has not proven the amount she contributed to their support. Neither petitioner nor her mother kept any records of contributions or expenditures. However, petitioner obtained statements from the doctors, the hospital and the various department stores where her mother carried accounts. While these statements do not show the date or by whom paid, petitioner testified she paid them by check during 1949. Other items of expense were testified to by petitioner from memory and *304 more or less informed estimates. Petitioner had not retained her cancelled checks and was therefore unable to produce them. The same is true as to checks which petitioner testified she gave her mother for cash with which to pay for food and sundry other items. Petitioner was supported in her testimony by the testimony of her mother. Shirley Anne was in the WAVES at the time of the hearing and was unavailable to testify. Respondent has offered no evidence contradicting the testimony of petitioner and her mother, notwithstanding, upon request of his counsel, the record of the hearing herein was kept open for a period of time for the purpose of permitting him to obtain and file copies of the department store records, and also photographic copies of petitioner's checks from the bank where she kept her account. Respondent urges, however, that petitioner failed to offer any evidence as to the value of the lodging during the time her mother and sister lived at her aunt's and that this is fatal to her case. We agree that lodging is a proper item of support but do not agree that the failure to offer specific evidence of the value of the lodging herein is fatal to petitioner's case. Petitioner's *305 mother and sister paid one-half the cost of the utilities for the house and for three tons of coal, which may or may not have been equivalent to the value of their lodging. However, the amount by which petitioner's contributions exceeded one-half the total cost of the support of her mother and sister appears to be more than sufficient to offset the additional value, if any, of such lodging. Both petitioner and her mother testified that petitioner paid, out of her own means, for all the support of her mother and sister in excess of the $632 income and veteran's compensation they received. In Gordon S. Wayman, 14 T.C. 1267, we said: "We do not agree with respondent that in the circumstances of this case petitioner must show the actual amount of his expenditures for supporting his sister-in-law. The record clearly establishes that he contributed all of her support during the years involved and that she had no other means of support. The exact amount, therefore, is not of critical importance to petitioner's case." Here the record clearly establishes that the total support of petitioner's mother and sister during 1949 was not less than $1391.26; that they paid $632 of *306 this amount, being the total amount of the mother's earnings and the compensation benefits which they received from the Veterans' Administration; and that petitioner paid for all their support in excess of the $632, or not less than $759.26. Under the circumstances of this case the exact amount of the total support or of petitioner's contributions is not of critical importance to petitioner's case. See also Michael T. Fisher, 16 T.C. 1144. We think petitioner has carried her burden not only in establishing the total cost of the support, but also that she furnished more than one-half of such support during the year involved. Decision will be entered for petitioner.