JACK R. WALKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Walker v. Commissioner
Docket No. 8802-78.
United States Tax Court
T.C. Memo 1980-146; 1980 Tax Ct. Memo LEXIS 441; 40 T.C.M. (CCH) 270; T.C.M. (RIA) 80146; April 28, 1980, Filed *441 (1) Held, P did not qualify for the tax rates applicable to married persons filing joint returns since he and his spouse did not file joint returns. (2) Held, P was entitled to a personal exemption for his wife since she had no income and was not the dependent of another taxpayer. Held, further, P was entitled to dependency exemptions for his children, since he provided more than half their support. Jack R. Walker, pro se. Thomas G. Hodel, for the respondent. SIMPSON
*443 MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioner's Federal income taxes: Additions to Tax
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
Year
Deficiency
I.R.C. 1954 [1]
I.R.C. 1954
I.R.C. 1954
1974
$1,524.00
$ 32.00
$76.20
1975
1,419.00
325.20
70.95
$51.76
1976
1,939.00
484.75
96.95
71.86
The only issues for decision are: (1) Whether the petitioner was entitled to the benefits of the tax rates applicable to married persons filing joint returns, and (2) whether he was entitled to personal exemptions for his wife and children. FINDINGS OF FACT The petitioner, Jack R. Walker, maintained his legal residence in Pueblo, Colo., when he filed his petition in this case. He filed his Federal income tax return for 1974 with the Internal Revenue Service Center, Ogden, Utah. The petitioner was married throughout the years in issue; his wife earned no income, filed no tax returns, and received all her support from the petitioner. *444 During such years, the petitioner had two minor children and provided all the support for each of them. The petitioner's 1974 tax return was signed only by him and was marked to indicate a filing status of "Married filing separately." On the return, the petitioner reported substantial income, but for reasons not in issue here, he stated that he was not required to pay tax on his income. On such return, he claimed dependency exemptions for his wife and children. For 1975 and 1976, the petitioner filed Forms 1040 with the Internal Revenue Service, but on the forms, he disclosed no information as to his income or deductions. In this notice of deficiency, the Commissioner determined that the petitioner received income in 1975 and 1976 in the amounts reported on his Wage and Tax Statements (Forms W-2) and that there were deficiencies in tax attributable to such income. He also determined that there was a deficiency in tax attributable to the income reported by the petitioner for 1974. In computing such deficiencies, the Commissioner denied the petitioner the exemptions claimed for his wife and children, and he employed the tax rates applicable to married persons filing separately. *445 In addition, he determined that the petitioner was liable for additions to tax under section 6651(a), relating to untimely filing of tax returns, under section 6653(a), relating to negligence or intentional disregard of rules and regulations, and under section 6654, relating to underpayment of estimated tax. OPINION The first issue is whether the petitioner qualified for the tax rates applicable to married persons filing joint returns. Such rates are provided by section 1(a), which provides in part: (a) Married Individuals Filing Joint Returns and Surviving Spouses.--There is hereby imposed on the taxable income of-- (1) every married individual (as defined in section 143) who makes a single return jointly with his spouse under section 6013, * * * a tax determined in accordance with the following table: * * *
It is clear that to qualify for the rates provided by this section, a joint return must be filed. The courts have held numerous times that there is no other method for qualifying for such rates. E.g., Dritz v. Commissioner, 427 F. 2d 1176 (5th Cir. 1970), affg. per curiam a Memorandum Opinion of this Court; Durovic v. Commissioner, 54 T.C. 1364, 1401-1402 (1970), *446 affd. on this issue 487 F. 2d 36, 41-42 (7th Cir. 1973), cert. denied 417 U.S. 919 (1974). The Forms 1040 filed by the petitioner for 1975 and 1976 do not constitute returns of any type since they disclose no information as to his income or deductions. Hatfield v. Commissioner, 68 T.C. 895 (1977). Therefore, it is clear that the petitioner was not entitled to the benefits of joint rates for those years. For 1974, the petitioner did file a return, but the return was signed only by him and indicated a filing status of married filing separately. A return may be joint even though the signature of one spouse is missing, if both spouses intended that the return be a joint return. Heim v. Commissioner, 27 T.C. 270, 273 (1956), affd. 251 F. 2d 44 (8th Cir. 1958); Stone v. Commissioner, 22 T.C. 893, 900-901 (1954). However, in this case, there is absolutely no evidence that the petitioner's wife intended that the 1974 return be a joint return. In fact, the petitioner himself did not even so testify. Thus, we are constrained to conclude that the petitioner did not file a joint return for any of the *447 years in issue and was not entitled to the benefits of the tax rates for such returns. The only other issue to be decided is whether the petitioner was entitled to personal exemptions for his wife and two children. Under section 151(b), the petitioner was entitled to an exemption for his wife for each year in issue, if during those years, his wife had no gross income and was not the dependent of a taxpayer other than the petitioner. See Richardson v. Commissioner, 72 T.C. 818, 825-826 (1979). Under sections 151(e) and 152, the petitioner was entitled to dependency exemptions for his minor children for each year in issue, if during those years, he provided more than half of the support for each child. At trial, the petitioner testified that his wife did not work during the years in issue and that she filed no tax returns. Although his wife's testimony would have been more persuasive, we found the petitioner's testimony credible, and we are satisfied that his wife did not contribute to the support of the children. Thus, we have found as a fact that the petitioner furnished all the support for each child. Under these circumstances, the petitioner was not required *448 to establish a dollar amount of the support to be entitled to the exemptions. See Boettiger v. Commissioner, 31 T.C. 477, 486 (1958); Wayman v. Commissioner, 14 T.C. 1267, 1270 (1950); cf. Seraydar v. Commissioner, 50 T.C. 756, 760 (1968); Stafford v. Commissioner, 46 T.C. 515, 518 (1966) (where two or more taxpayers contest a dependency exemption, it is essential that the dollar amount of the dependent's support be established and that each taxpayer prove exactly how much was provided by him). Based on the petitioner's testimony, we have also found as a fact that the petitioner furnished all the support received by his wife; it is clear that she was not a dependent of another taxpayer. On the basis of the facts we have found, we conclude that the petitioner was entitled to personal exemptions for his wife and two children for each of the years in issue. The petitioner has raised no additional objections to the deficiencies or additions to tax determined by the Commissioner. The petitioner has the burden of proving the determinations by the Commissioner to be incorrect. Rule 142, Tax Court Rules of Practice *449 and Procedure; Welch v. Helvering, 290 U.S. 111 (1933). Therefore, we sustain the Commissioner's determinations in all other respects. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩