OPINION. Ttoner, Judge: Since the petitioner has not alleged any error by respondent in the determination of the deficiency, our only questions here are as to the correctness of the respondent’s determination of fraud and of petitioner’s liability to a delinquency penalty for the late filing of his return. Deductions, comparatively substantial in amount and to which petitioner was not entitled, were claimed by him on his return. Further, the description of some of the items as they appear on the schedule attached to the return are admittedly not correct. It is the respondent’s contention that the claims of the deductions under such circumstances not only were false, but were due to fraud with intent to evade tax, with the result that a part of the deficiency is due to fraud and the 50 per cent addition to tax therefore applies. It is the petitioner’s contention that, while there was error in the setting up of the amounts and they were not in some instances accurately described, the total of the deductions claimed represents substantially the expenditures made by him, which, on the advice of what he regarded as competent counsel, were thought by him to be deductible, and there was at no time any intention to file a fraudulent return and no intent to evade his just tax. The petitioner’s difficulty here stems largely from a mistaken impression that for the purposes of the statute covering and allowing a' deduction for living expenses while away from home on business, Anniston, Alabama, was to be regarded as his home during the taxable year and not Washington, D. C., which was his post of duty with his employer, T. W. A. That view, while in error, is not novel. The impression that a person away from his legal residence or domicile on war duty was absent from home for the purpose of allowing on income tax returns deductions for living expenses was widely prevalent, and there was and still is some difference of opinion as to the correctness of some of the decisions which have held that the post of duty in such employment is the home of the taxpayer for the purpose of determining his right to deductions such as those here claimed. We do not, therefore, find in the claim of the deductions covering petitioner’s living expenses while in Arlington, Virginia, or while away from Washington on duty a sufficient basis for the respondent’s determination of fraud. It is true that various items as described by petitioner on his return were not correctly described, but with respect to the various items shown, practically all of them do have some relation to petitioner’s employment and possibly some of them in some small amounts might, if shown in greater detail, be the basis for a proper deduction. The bulk of the deductions, however, appear to be personal and not of a character which would permit their deduction in the face of the statutory prohibition against the deduction of personal expenses. It is .also true that an arbitrary or fictitious formula was set up in the above schedule in arriving at the living expenses of petitioner, described under the heading, “U. S. Travel.” Some of those we have no doubt the petitioner knew to be incorrect. He has testified, however, that he regarded the total sum shown as being substantially what he did actually spend for hotels, meals, and the purposes indicated while in Virginia or away from Washington on duty. He did not keep detailed records of his expenses and there seems to be no question that such records or memoranda as he did keep were not nearly as complete as a person of his intelligence and education should have maintained or those he will keep and maintain in the future. During his testimony his demeanor and manner on the stand were given careful attention and, while it is our conclusion that certain of his expenditures were not correctly described, we do not believe that this petitioner at any time intended fraudulently to understate the amount of his tax. A charge of fraud is, of course, a serious matter and Congress has, by specific statutory provision, placed the burden of proving fraud upon the respondent. In this case we do not feel that the respondent has borne that burden. Accordingly, we find and hold that no part of the deficiency ,was due to fraud with intent to evade tax. The matter of the delinquency penalty is somewhat different. There Congress has not placed the burden of proof on the respondent. It has placed the responsibility for filing the return on time squarely upon each and every taxpayer. So far as we have been able to determine, the return here in question was first filed with the collector of internal revenue for the district of Virginia on May 28, 1946, more than two months after it was due. It also appears from the evidence that the petitioner was fully aware of the necessity for filing the return on or before March 15, and further it is not shown that he did not have ample time to see that it was filed within the time prescribed even after his wife had consulted Nimro and Nimro had made out the return which he signed. We are unable to conclude, therefore, that the petitioner has shown that the return was filed within the time prescribed by the statute or that the failure to file the return within the time was due to reasonable cause and not due to willful neglect. The respondent’s determination of the delinquency penalty is accordingly approved. Reviewed by the Court. Decision will be entered under Bule 50. Hill and HaRRON, //., dissent.