STANLEY JOSEPH SWARTZ, II, TRANSFEREE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
SWARTZ v. COMMISSIONER
Docket No. 15624-79.
United States Tax Court
T.C. Memo 1981-566; 1981 Tax Ct. Memo LEXIS 168; 42 T.C.M. (CCH) 1283; T.C.M. (RIA) 81566; September 30, 1981. Robert G. Ray, for the petitioner. Robert J. Kastl, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a liability against petitioner as transferee of the assets of the estate of Carol Ann Swartz, deceased, in the amount of $ 2,902.26, consisting solely of an addition *169 to tax under the provisions of section 6651(a)(1), Internal Revenue Code of 1954, [1] for the late filing of the estate tax return. The sole issue for our decision is whether the failure of petitioner, as administrator of the estate, to timely file the estate tax return was due to reasonable cause. Petitioner does not contest his liability as a transferee. Although the statute of limitations was pleaded in the petition, it was not represented to be an issue at trial or briefed by petitioner; therefore, it is deemed to be abandoned. FINDINGS OF FACT Some of the facts were stipulated. The stipulations of facts and attached exhibits are incorporated by reference. Carol Ann Swartz died on April 22, 1973. She was survived by petitioner, her son, who was 22 years of age at the time. Decedent's former husband, Stanley Joseph Swartz, who was petitioner's father, also survived the decedent. Petitioner was appointed administrator of the estate of Carol Ann Swartz, deceased, by the Probate Court of Warren County, Ohio. At the time of his appointment, *170 petitioner personally appeared before the probate court and was instructed by the court that he (petitioner) would thereafter be acting on behalf of the estate. Petitioner continued to act as administrator during the administration of the estate. Petitioner resided at Centerville, Ohio, both at the time of his appointment as administrator and when he filed the petition in this case. At the time of Carol Ann Swartz' death, petitioner was in the hospital suffering from an emotional disturbance and was involved in divorce proceedings. Shortly after his mother's death, petitioner executed a power of attorney in which he empowered his father to handle most of his affairs, including acting on his behalf with respect to the estate. Petitioner was released from the hospital one month after his mother's death and six months to one year elapsed before petitioner became active in the handling of the estate. In the interim period petitioner executed documents which the attorney for the estate, Mr. Robert G. Ray, presented to him for execution. The Federal estate tax return (Form 706) for the Estate of Carol Ann Swartz, deceased, was due to be filed with the Internal Revenue Service *171 on or before January 22, 1974. On January 24, 1974, Mr. Ray, as attorney for the estate, requested a six-month extension of time within which to file the estate tax return. Petitioner was not aware of the request at that time. The request for the extension of time was granted and, therefore, the return was due to be filed on or before July 22, 1974. On August 3, 1975, petitioner and the attorney for the estate executed the Federal estate tax returns. It was mailed by the attorney for the estate on August 11, 1975, and it was filed with the Cincinnati, Ohio, Service Center of the Internal Revenue Service on August 13, 1975. It was not timely filed. When petitioner executed the estate tax return it was the first time that he was aware that such a return was due. Petitioner executed other documents necessary for the administration of the estate, but petitioner's father also actively participated in the administration of the estate. The estate tax return was not accompanied by a remittance for the tax shown to be due because the estate did not have sufficient funds to pay the tax. Accompanying the return was a letter from the attorney for the estate asking that the estate be *172 relieved of liability for late filing of the return because of the lack of assets available to pay the tax. The estate tax return reflected a liability for estate tax in the amount of $ 11,289. There were numerous claims against the estate and the estate tax liability was satisfied only after the estate sold decedent's farm, which was the principal asset of the estate. The estate tax and restricted interest and accrued interest aggregating $ 13,198.86 were paid by the estate to the Internal Revenue Service on January 15, 1976. On August 9, 1979, the Commissioner of Internal Revenue mailed a statutory notice of liability to petitioner in which he determined that petitioner was liable as transferee of the property of the estate of Carol Ann Swartz, deceased, for the addition to tax under section 6651 because of the late filing of the estate tax return. When petitioner received the statutory notice of liability he discussed its contents with Mr. Ray. This was the point in time when petitioner first became aware of the due date of the estate tax return. Assets of the estate of Carol Ann Swartz, having a value of $ 296,564.64, were transferred to petitioner without consideration. *173 Under sections 6324 and 6901, this transfer subjected petitioner to liability for taxes of the estate to the extent of the value of the assets transferred, including liability for any addition to estate tax under section 6651(a)(1) for which this Court should determine the estate to be liable. In addition, by reason of petitioner's relationship to the estate, he is liable for debts due and owing the United States under the provisions of Title 31, U.S. Code, sec. 192 (1977). OPINION The parties agree that the estate tax return was not timely filed. Section 6651(a)(1) subjects the estate to an addition to tax for late filing in the amount of $ 2,902.26 unless petitioner can prove that the untimeliness of the filing was due to reasonable cause. Whether the late filing is due to reasonable cause is primarily a question of fact to be derived from all of the surrounding circumstances. Coates v. Commissioner, 234 F.2d 459 (8th Cir. 1956); Estate of DiPalma v. Commissioner, 71 T.C. 324 (1978). The burden of proving reasonable cause *174 is upon petitioner. Rice v. Commissioner, 14 T.C. 503 (1950). If we find that the late filing of the estate tax return was not due to reasonable cause it is undisputed that petitioner is liable for the addition to tax under the provisions of section 6651(a)(1) by virtue of sections 6324 and 6901 and Title 31, U.S. Code, sec. 192 (1977). Perhaps the most controlling fact in this situation is whether petitioner knew that an estate tax return was required and, if so, did he know when such a return was due to be filed. Petitioner testified that he first became aware that such a return must be filed when it was presented to him for his signature, which was on August 3, 1975. This was over one year after the return was due to be filed. He testified that he was first aware that the return was not timely filed when he received the statutory notice of liability, which was subsequent to August 9, 1979, over five years after the return was due to be filed. We find the testimony of petitioner to be credible and respondent points to no evidence contradicting petitioner's testimony. Petitioner was 22 years of age at the time of his mother's death *175 and given all of the circumstances, we conclude that petitioner did not know that such a return was due until he executed it and he did not know when it was due until he received the statutory notice of liability from the Commissioner, advising him that the return was not timely filed. Cf. Estate of Duttenhofer v. Commissioner, 49 T.C. 200 (1967), affd. per curiam 410 F.2d 302 (6th Cir. 1969). Section 301.6651-1(c), Proced. & Admin. Regs., provides that if the taxpayer exercised ordinary business care and prudence and was, nevertheless, unable to file the return within the prescribed time, then the delay is due to a reasonable cause. There is no need to examine the authorities cited by the parties in their briefs because the appeal in this case lies in the United States Court of Appeals for the Sixth Circuit and that Court has held in unmistakable terms as a matter of law that when an executor or administrator of an estate has no knowledge of the requirements for filing an estate tax return, his reliance upon an attorney for the preparation and filing of the *176 return constitutes reasonable cause. Fisk v. Commissioner, 203 F.2d 358 (6th Cir. 1953), revg. a Memorandum Opinion of this Court. We will, therefore, follow the decision in that case. Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). Decision will be entered for the petitioner. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩