**ESTATE of William T. MAYER, Philip A. Pagano, Executor, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 29, Docket 29682.

United States Court of Appeals Second Circuit.

Argued Sept. 21, 1965.

Decided Oct. 20, 1965.

Richard Kilcullen, McGuigan & Kilcullen, New York City, for petitioner-appellant.

Howard J. Feldman, Dept. of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Meyer Rothwacks, Dept. of Justice, Washington, D. C., on the brief), for respondent-appellee.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

Fifteen months after the death of William T. Mayer on October 9, 1958, the estate tax return was due to be filed, namely, by January 9, 1960. The return was filed on March 7, 1960. A 10% penalty (5% for two months) was imposed because of the late filing (Section 6651 (a), Internal Revenue Code of 1954). The burden is on the petitioner to show that "failure is due to reasonable cause and not due to willful neglect." The Tax Court's conclusions from the facts as stipulated should not be disturbed unless clearly erroneous. Reasonable cause can be determined only from the particular situation presented in each specific case. Other decisions *pro* and *contra* are of little help.

The executor is a certified public accountant familiar with Federal and State income taxes insofar as they relate to his clients. To assist him in his duties as executor he retained an attorney with experience in the preparation of Federal estate tax returns. The executor filed an "Estate Tax Preliminary Notice" in which in boldface type he was advised that failure to file within 15 months might subject him to penalties. Problems of estate property valuation caused the executor and his attorney to seek accelerated action from New York State in order to be able to insert such values in a timely Federal return. Agreement with New York State was not reached until March 1, 1960.

The Tax Court correctly found that "This is not a situation where an executor who is not well versed in tax law and in business matters relies completely on a tax expert to handle such matters * * *" and concluded that "considering petitioner's general familiarity with tax law and the fact that the due date of the return

was clearly called to his attention * * ," "petitioner failed to exercise the ordinary business care and prudence that could reasonably be expected of him." The decisions cited and relied upon by petitioner do not require a contrary result.

The decision of the Tax Court is affirmed.