**Max DRITZ as Administrator of the Estate of Max Dritz and of Helen Dritz, Deceased, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 28966.**

United States Court of Appeals, Fifth Circuit.

June 17, 1970.

Sidney A. Soltz, Miami, Fla., for appellants.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Atty., Tax Div., U.S. Dept. of Justice, K. Martin Worthy, Chief Counsel, Richard P. Milloy, Thomas L. Stapleton, Gary R. Allen, Attys., Internal Revenue Service, Washington, D. C., for appellee.

Before JONES, WISDOM, and COLEMAN, Circuit Judges.

PER CURIAM:

Largely because they failed to file federal income tax returns for the calendar years of 1962 and 1963, Max Dritz and his wife, Mrs. Helen Dritz, fell into a sea of difficulties with the Commissioner of Internal Revenue with reference to tax liabilities for the years 1958 to 1963. They filed four petitions in the United States Tax Court for redetermination of the deficiencies asserted against them. The cases were consolidated. The liability of the taxpayers was determined in findings of fact and an opinion of the Tax Court issued on August 27, 1969.[1]

The taxpayers produced no records or documentation as to their income for the years in suit. Max Dritz did not testify. Mrs. Dritz testified, but the Court found her testimony to be evasive, inconsistent, and generally implausible.

We are now asked to reverse the Tax Court on the argument that the determinations of the Commissioner of Internal Revenue were arbitrary, that this put the burden of proof as to the various issues on the Commissioner, and hence

---

1. Paragraph 69, 175 P–H Memo TC.

the Tax Court resolved the factual issues by the wrong standard.

This argument fails. In view of all the facts, as duly found and for which there is substantial support in the record, there is no basis for saying that the determinations of the Commissioner were arbitrary. Nor do we find any other basis for reversal.

The decision of the Tax Court is, on all issues, affirmed.

Affirmed.