456 F.2d 681
 72-1 USTC P 9328
 ESTATE of Henry P. LAMMERTS et al., Deceased, Appellees and
Cross-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellant and Cross-Appellee.
Hildred K. LAMMERTS, Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
 Nos. 80-82, Dockets 35201, 35243 and 35561.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 23, 1972.
Decided March 15, 1972.
 
 Paul Reid, Robert O. Swados, Niagara Falls, N. Y. (Findlay, Hackett, Reid & Wattengel, Niagara Falls, N. Y.), for the Taxpayers.
 Ernest J. Brown, Atty., Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Harry Baum, Attys., Tax Div., Dept. of Justice, Washington, D. C., on the brief), for the Commissioner of Internal Revenue.
 Before LUMBARD, MANSFIELD and MULLIGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 These are appeals by the Commissioner of Internal Revenue, by the Estate of Henry P. Lammerts and by Hildred K. Lammerts, the widow of Henry P. Lammerts, from two decisions of the United States Tax Court, 54 T.C. 420 (1970).
 
 
 2
 At the time of his death on June 15, 1961, Henry P. Lammerts owned just over 90% of the shares of Lammerts, Inc., a family corporation operating a dual Cadillac and Buick dealership in Niagara Falls, New York. The remaining shares were owned by Henry's son, Henry P. Lammerts, Jr. Henry's will directed his executors (his widow and son Henry, Jr.) to dissolve the existing Lammerts corporation and to make certain distributions of the assets to the estate and then to themselves as legatees. The corporation was dissolved on January 2, 1962 and the assets distributed. The widow and the son then transferred most of their interests in the operating business assets to a newly formed corporation, Lammerts, Inc., which was to carry on the automobile dealerships. In exchange the widow received preferred stock and the son common stock in the new corporation. The estate recognized and eventually reported a gain on the liquidation, paying taxes at capital gains rates. The Commissioner claimed that the liquidation of the old corporation followed by the transfer of its business and operating assets to the new corporation, was in fact a corporate reorganization, and the gain recognized by the estate was taxable at ordinary income rates. Int.Rev.Code of 1954, Sec. 356(a) (2).
 
 
 3
 This major issue need not concern us because on this appeal the parties have stipulated that the transaction was a so-called "D" reorganization (Sec. 368(a) (1) (D)) which renders the gain taxable at ordinary income tax rates, since boot had been retained by the shareholders. (Sec. 356(a) (2)).
 
 
 4
 In 1962 the successor corporation redeemed 180 shares of the widow's preferred stock at par value of $100 per share. This created the question as to whether the $18,000 payment was equivalent to a dividend under Sec. 302 and thus subject to ordinary income tax rates under Sec. 301, or whether it qualified for capital gains treatment as a redemption under the terms of Sec. 303. The parties on appeal have now stipulated that Sec. 303 is applicable. We therefore remand the matter to the Tax Court for a computation of the tax due pursuant to the stipulation of the parties and for a determination that the arithmetic criteria of Sec. 303 have been complied with.*
 
 
 5
 This leaves this court with only one issue still in dispute. There was an admitted delay in filing the Fiduciary Income Tax Return for the Estate for the period of June 16, 1961 to May 31, 1962. Although the family had always employed an accountant to prepare and file both corporate and personal income tax returns, the executors retained an attorney to prepare the estate tax return. Neither the accountant nor the attorney prepared the Fiduciary Income Tax Return for the estate; each thought the other had been assigned that task by the executors. It was not until 1963 that the accountant discovered that the Fiduciary Income Tax Return for the estate had not been filed and it was not until April 15, 1963, seven months after the statutory deadline, that the return was filed. The tax was paid including interest at the rate of 6% per annum for the seven month delay. The Tax Court has sustained the Commissioner's assessment of a penalty of 5% of the amount of the tax due for each month of delay not exceeding five months. Section 6651 of the Code imposes the penalty unless the failure was due to reasonable cause and was not due to willful neglect. We agree that the failure here was not reasonable and the penalty was properly imposed. (10 J. Mertens, Law of Federal Income Taxation Sec. 55.23, at 162.) The executors were charged with the responsibility of making inquiry in the exercise of "ordinary business care and prudence" Treas.Reg. 301.6651-1(a) (3). Our decision in Haywood Lumber Co. v. Commissioner of Internal Revenue, 178 F.2d 769 (2d Cir. 1950) is not in point. There a corporate officer had given directions that all necessary returns be filed and all relevant information was supplied to the accountant. We refused to penalize the taxpayer which reasonably relied on the accountant to file. Here there was no request or direction but simply passivity.
 
 
 6
 Affirmed in part and remanded.
 
 
 
 *
 Sec. 303 requires that the value of the total number of shares in the distributing corporation owned by the decedent at his death (and includable in his gross estate for federal estate tax purposes) must exceed either 35% of the value of his gross taxable estate, or 50% of his net taxable estate. Also, Sec. 303 would apply only to the extent that the amount received in the redemption does not exceed the sum of the estate taxes and the funeral and administrative expenses. In addition, the redemption must occur within three years of the filing of the return