ESTATE OF AGNESE DIPALMA, CONSTANCE SAVARESE, EXECUTRIX, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5207–76.      Filed November 27, 1978.

*Ira W. Levitas,* for the petitioner.
*Jack H. Klinghoffer,* for the respondent.

TANNENWALD, *Judge:* Respondent determined a deficiency in estate tax of $2,760.19 and an addition to tax of $10,748.77 under section 6651(a).[1] Two issues require decision: (a) whether the admitted delay in the filing of the estate tax return was due to reasonable cause and not to willful neglect, and (b) what was the balance at the date of death in a joint account held by the decedent and one of her daughters.

---

[1]All references are to the Internal Revenue Code of 1954, as amended and in effect at the date of death.

## FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly.

Agnese DiPalma (decedent) died testate on September 13, 1969. Constance Savarese (Constance), one of decedent's daughters, qualified as the executrix of decedent's estate, is still acting as such, and had her residence in Northport, N. Y., at the time of the filing of her petition herein.

Constance is a housewife who has been married for 45 years and has never had any business experience. Shortly after decedent's death, in her capacity as executrix, she employed one Anthony Dallacasa, who had been a practicing attorney in New York since 1955 and had some experience in handling estates, including the tax aspects thereof. He represented the estate from April 1970 until some time in early 1973.

Decedent was survived by six adult children. Her will named five of the children as beneficiaries. The sixth child, Florence Guercio (Florence), was not named a beneficiary. Florence had in her possession all of the securities owned by decedent, consisting of marketable stocks and comprising the vast bulk of the estate. Florence and decedent were also the joint owners of an account at the Chase Manhattan Bank.

Florence refused to turn over the securities in her possession and, from a time commencing shortly after decedent's death, there was a running dispute among her, Constance (as executrix), and the other children of decedent regarding the same. Although Florence turned over the securities to the estate in September 1970, the dispute, including litigation, continued and was finally settled for $12,000 in November 1972. The settlement was consummated in January 1973 by way of the release of $11,425.10, then in the aforementioned joint account, to Florence, and the payment to Florence of $574.90 by a check from the estate.

From late in 1970 and throughout 1971 and 1972, Constance on several occasions discussed with Dallacasa the problem of winding up the estate, including the payment of taxes. Dallacasa told her that all these things take time and that he would take care of all matters in due course. Although Dallacasa was aware that the dispute with Florence did not affect the filing of the estate tax return, he did not so inform Constance. In her own mind, Constance believed, as a result of her conversations with

Dallacasa, that the estate tax return did not have to be filed until the dispute with Florence was resolved.

In January or February 1973, Dallacasa was relieved of his duties as attorney for the estate. A new attorney was retained who learned that an estate tax return had not been filed. He promptly undertook to have the return prepared and filed. The filing was accomplished on June 19, 1973, showing a tax due of $40,234.87. Included as an asset of the estate was the joint account at a value of $2,000.

On August 31, 1973, respondent sent the estate a statement of account showing that $40,234.87 in tax and $6,074.91 in interest had been paid. The statement contained no mention of any penalty by way of addition to tax for late filing or otherwise.

On April 29, 1976, respondent issued the deficiency notice herein, in which he increased the value of the joint account by $10,000 (i.e., to $12,000, a figure which coincides with the amount of the settlement with Florence). As a result of such action, respondent asserted a deficiency of $2,760.19 and an addition to tax for late filing of $10,748.77.

## OPINION

We deal first with the question of the addition to tax for late filing. The estate tax return was due December 14, 1970. Sec. 6075(a). There is no question but that it was not timely filed and that the addition to tax for late filing applies unless petitioner, who has the burden of proof, establishes that the failure to file within the prescribed time was due to reasonable cause and not willful neglect. Sec. 6651(a); Rule 142(a), Tax Court Rules of Practice and Procedure.

Respondent's position herein is that, since this case does not involve any question *whether* a return had to be filed, Constance, as executrix, had a nondelegable duty which, as a matter of law, she could not discharge by reliance on the attorney for the estate. Admittedly, there are statements in some of the decided cases which tend to support respondent's position. See, e.g., *United States v. Kroll*, 547 F.2d 393, 396 (7th Cir. 1977); *Ferrando v. United States*, 245 F.2d 582 (9th Cir. 1957). But such statements have usually been articulated in situations where the taxpayer did no more than delegate responsibility to a lawyer or accountant and thereafter made no effort to ascertain whether the necessary steps to discharge that responsibility had been, or

should have been, taken. See *Gray v. United States*, 453 F. Supp. 1356 (W.D. Mo. 1978). In any event, they do no more than set forth a general rule (see *Latham Park Manor, Inc. v. Commissioner*, 69 T.C. 199, 219 (1977)), and do not abrogate the principle that whether the failure to file on time was due to reasonable cause is primarily a question of fact to be determined from all of the circumstances in a particular case. *Estate of Duttenhofer v. Commissioner*, 49 T.C. 200, 204 (1967), affd. per curiam 410 F.2d 302 (6th Cir. 1969); *Latham Park Manor, Inc. v. Commissioner*, *supra; Estate of Geraci v. Commissioner*, T.C. Memo. 1973–94, affd. per curiam 502 F.2d 1148 (6th Cir. 1974). Under these circumstances, a review of the numerous decisions on the issue *"pro* and *contra* [is] of little help." See *Mayer's Estate v. Commissioner*, 351 F.2d 617 (2d Cir. 1965), affg. per curiam 43 T.C. 403 (1964).[2]

Although the record herein is not as neat and tidy as we would have preferred, we are satisfied that petitioner has carried its burden of proof that the delay in filing of the estate tax return was due to reasonable cause and not to willful neglect. The executrix did not sit supinely by and leave everything to Dallacasa. She made inquiry of him. Compare *Estate of Lammerts v. Commissioner*, 456 F.2d 681 (2d Cir. 1972), affg. on this issue 54 T.C. 420, 445–447 (1970); *Giesen v. United States*, 369 F. Supp. 33 (W.D. Wis. 1973). She was led to believe by the attorney for the estate that the pending dispute with Florence justified the delay in the filing of the return. Inexperienced as she was in such matters, we think that she was justified in relying on her belief, albeit that such belief was, in point of fact, erroneous.[3] *Estate of Bradley v. Commissioner*, T.C. Memo. 1974–17, affd. by order 511 F.2d 527 (6th Cir. 1975). We hold that the addition to tax under section 6651(a) should not be imposed. In view of our holding, we need not deal with petitioner's argument that respondent is estopped from claiming the addition to tax because it was not included in the statement of account sent to

---

[2]The most recent extensive review of the decided cases is contained in *Estate of Goff v. Commissioner*, T.C. Memo. 1978–36. See also M. Arth, "Avoiding the penalty for late filing of the estate tax return: An analysis," 48 J. of Taxation 358 (June 1978).

[3]The presence of litigation was not considered sufficient to support a finding of reasonable cause in *Estate of Duttenhofer v. Commissioner*, 49 T.C. 200, 206–207 (1967), affd. per curiam 410 F.2d 302 (6th Cir. 1969), but there was no evidence in that case that the existence of such litigation as a possible reason for delay in the filing of the estate tax return was communicated to the executors by the attorney for the estate, with the result that the case is clearly distinguishable.

petitioner on August 31, 1973, although we are constrained to note that such an argument would seem to be without merit. See, e.g., *Dorl v. Commissioner*, T.C. Memo. 1973–145, affd. per curiam 507 F.2d 406 (2d Cir. 1974). See also *Hudock v. Commissioner*, 65 T.C. 351, 362–364 (1975).

With respect to the joint bank account, the only evidence offered by petitioner to sustain its position was some very general testimony that the discrepancy between the $2,000 reported on the estate tax return and the $12,000 figure (the basis of the notice of deficiency) may have represented post-death dividends on decedent's securities retained by Florence. The only written evidence as to the amount in the account was a bank statement showing a balance of $11,425.10 in the account as of November 5 and December 6, 1971. We hold that petitioner has failed to carry its burden of proof. Rule 142, Tax Court Rules of Practice and Procedure.[4] Accordingly, respondent's determination as to this issue is sustained.

*Decision will be entered under Rule 155.*

---

[4]At the trial, the Court suggested that petitioner might seek to supply corroborating evidence to sustain its position that the difference represented post-death dividends by utilizing publicly available data to reconstruct the dividends on the securities involved during the period from the date of death to November 5, 1971. No offer of evidence along these lines was ever made. We also note that Florence turned over the securities to the estate in September 1970.