Robert W. BOYLE, Executor of the Estate of Myra W. Boyle, Deceased, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 82–1421.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 17, 1982.

Decided June 24, 1983.

Rehearing and Rehearing En Banc Denied Oct. 11, 1983.

Joann Horn, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellant.

William L. Kasley, Pekin, Ill., for plaintiff-appellee.

Before POSNER and COFFEY, Circuit Judges, and CAMPBELL, Senior District Judge.*

WILLIAM J. CAMPBELL, Senior District Judge.

The United States brings this appeal challenging the district court's decision granting summary judgment for the plaintiff, Robert Boyle, in his tax refund suit. The Internal Revenue Service (IRS) had assessed a penalty against the plaintiff in the amount of $17,124.45 pursuant to 26 U.S.C. § 6651(a)(1) for the late filing of a federal estate tax return. Boyle paid the penalty and then brought this refund action. After completion of discovery, each party submitted a motion for summary judgment. The district court granted summary judgment for the plaintiff, concluding that the penalty was not justified because the untimely filing was due to a "reasonable cause" within the meaning of 26 U.S.C. § 6651(a)(1). The IRS contends that the district court's decision was erroneous and that its cross-motion for summary judgment should have been granted. Jurisdiction is predicated on 28 U.S.C. § 1291 and is not at issue.

The underlying facts of the case are not in dispute.[1] The plaintiff's mother died on September 14, 1978 and he was appointed executor of the estate in her will. Shortly after his mother's death, Boyle retained

---

* The Honorable William J. Campbell, Senior District Judge for the United States District Court for the Northern District of Illinois, is sitting by designation.

1. We note that the government has not argued, either in the district court or in this court, that a genuine issue of fact exists and that a trial is necessary.

Ronald Keyser of the law firm of Eliff, Keyser and Hallberg to serve as attorney for the estate. Keyser had practiced law for over twenty years, specializing in the areas of real estate and probate. During discussions with the attorney, the plaintiff was informed that the filing of a federal estate tax return would be required, however he was not informed, nor did he inquire, as to the deadline for filing it. Under the applicable provision, 26 U.S.C. § 6075(a), the return was due on June 14, 1979, i.e., nine months after the decedent's death.

It is undisputed that Boyle had no experience or expertise in the field of federal estate taxation,[2] and it is evident that he relied solely on his attorney for instruction and guidance. There is no evidence that he was uncooperative with Mr. Keyser or that he was untimely in providing him with information, records, etc. Boyle and his wife contacted Mr. Keyser numerous times inquiring about the progress of the estate and the preparation of the federal estate tax return. When he called Mr. Keyser on September 6, 1979, the plaintiff was informed for the first time that the return was, in fact, past due. The matter had apparently been overlooked due to a clerical error in omitting the Boyle estate from Keyser's master calendar. As a result, the attorney was not apprised of the due date in a timely manner. Thereafter, the plaintiff met with Keyser on September 11, 1979 and the return was filed on September 13, 1979.

On October 22, 1979, the IRS notified the plaintiff that the estate was being assessed an additional $17,124.45 as a penalty for the late filing as well as $1,326.56 as interest. The plaintiff paid those amounts and filed a claim for refund of the penalty. The IRS took no action on the refund request, so the plaintiff filed this action in the district court.

The district judge concluded that the disposition of the case was controlled by *Rohrabaugh v. United States,* 611 F.2d 211 (7th Cir.1979) which held that, in certain situations, reliance on counsel could be considered reasonable cause for purposes of 26 U.S.C. § 6651(a)(1). The government contends that *Rohrabaugh* is a minority view and should be overruled. Alternatively, the government argues that the facts of this case are distinguishable from those in *Rohrabaugh.* For the reasons stated below, we affirm.

In *Rohrabaugh v. United States,* 611 F.2d 211 (7th Cir.1979) the federal estate tax return was filed three months and a day after its due date. The operative facts were virtually identical to those in the case *sub judice:*

> Here an inexperienced taxpayer wholly unaware of the time requirements for filing a federal estate tax return selected a competent tax expert, supplied him with all the necessary and relevant information, requested him to prepare all necessary documents including tax returns, relied upon his doing so, but nevertheless maintained contact with him from time to time during the administration of the estate. 611 F.2d at 214.

The court adopted the standard that reliance upon counsel would be "reasonable cause" when

> (1) the taxpayer is unfamiliar with the tax law; (2) the taxpayer makes full disclosure of all relevant facts to the attorney or accountant he or she relies upon; and (3) the taxpayer has exercised ordinary business care and prudence. 611 F.2d at 615, *citing Haywood Lumber & Mining Co. v. Commissioner,* 178 F.2d 769, 771 (2d Cir.1950); *Giesen v. United States,* 369 F.Supp. 33 (W.D.Wis.1973).

Applying that analysis, the court concluded that, under the facts of that case, "reasonable cause" had been shown and the penalty

2. The plaintiff had been executor of his father's estate some twenty years earlier, however, there is no evidence that a federal estate tax return was required in that situation. The government notes that the plaintiff had served as president of an earth moving and grading business for approximately thirty years and had signed corporate tax returns during that period. However, the evidence revealed that auditors and accountants prepared and filed the returns.

was therefore wrongfully imposed. The court noted that its holding was to be limited to the facts of the case, and that the case should not be construed as adopting a *per se* rule that reliance on counsel constituted reasonable cause.

Even limiting the holding in *Rohrabaugh* to its facts, we believe that case controls the disposition of this case. The government contends that this case is distinguishable because Boyle had more business experience than the plaintiff in *Rohrabaugh*. We note the factual distinction but do not find it significant. Boyle's business experience did not encompass the preparation or filing of tax returns and therefore would not support any inference that he, in fact, knew the filing deadline, i.e., negating factor (1) stated above. Even assuming that his background would justify the application of a higher standard of business care and prudence, see factor (3) above, we do not find that he failed to exercise such care. He hired competent counsel soon after his mother's death and cooperated fully with him. Furthermore, he maintained contact with his attorney and did not simply abandon the estate once he had delegated the legal functions. Therefore, we conclude that under *Rohrabaugh*, Boyle qualifies for a refund of the penalty.

The government's alternative argument is that we should overrule *Rohrabaugh* because it conflicts with *United States v. Kroll*, 547 F.2d 393 (7th Cir.1977) and *Fleming v. United States*, 648 F.2d 1122 (7th Cir.1981) is a minority view and is bad law. We do not find any conflict in the law of the Seventh Circuit. The court in *Fleming* reconciled the case law in the following manner:

> [I]n *Rohrabaugh* the taxpayer did not know the due date for the filing of the return as did the taxpayer in *Kroll*, as well as in the instant case. 648 F.2d at 1126.

There is another significant distinction. In both *Kroll* and *Fleming*, the taxpayer was informed of the passing of the deadline, and yet did not take timely or effective action to rectify the situation. However, in *Roh-*

*rabaugh* and this case, once the taxpayer was made aware of the deadline quick action was taken to file the return. Thus, ordinary business care and prudence was demonstrated and any suggestion of willful neglect was negated.

The government also argues that *Rohrabaugh* is contrary to the majority view on this issue. However, our reading of the cases reveals only three circuits that have unequivocally adopted a *per se* rule that reliance on counsel is not "reasonable cause" within the meaning of 26 U.S.C. § 6651(a)(1), *see Ferrando v. United States*, 245 F.2d 582 (9th Cir.1957); *Millette Assoc. Inc. v. Commissioner*, 594 F.2d 121 (5th Cir.), *cert. den.* 444 U.S. 899, 100 S.Ct. 207, 62 L.Ed.2d 135 (1979); *Estate of Lillehei v. Commissioner*, 638 F.2d 65 (8th Cir.1981). There are other circuits which have found that reliance on counsel was not "reasonable cause," but the determination was based on the facts of the case, and not on the application of the *per se* rule advocated by the government, *see e.g. Estate of Duttenhofer v. Commissioner*, 49 T.C. 200 *aff'd per curiam*, 410 F.2d 302 (6th Cir.1969); *Estate of Lammerts v. Commissioner*, 456 F.2d 681 (2nd Cir.1972).

The government argues that the *Rohrabaugh* decision is bad law because it encourages executors to remain ignorant of the filing deadline and because:

> [A]n attorney may well avoid giving such information even where the executor does make an inquiry, since it would be not only in the estate's best interest, but also the attorney's own interest to keep the executor uninformed of this crucial matter.

As Judge Pell noted in *Rohrabaugh*, since extensions of time to file an estate tax return are available, there is no reason to believe that an executor would have any motivation to remain ignorant of the filing date in order to obtain immunity for a late filing. Furthermore, in light of the fact that *Rohrabaugh* adopts a case-by-case analysis, it would be foolish for an executor to assume that he or she would obtain judicial relief. For the same reasons, we can-

not accept the government's assertion that our position on this issue encourages attorneys to knowingly withhold information from their clients. Furthermore, we note that the "Pandora's box" which was supposedly opened by *Rohrabaugh, see* Judge Swygert's dissent, *Rohrabaugh,* 611 F.2d at 219, has not in fact appeared. There has been no flood of lawsuits involving late filings of tax returns and, for the reasons discussed above, we do not expect one.

The circuits which have adopted a *per se* rule that reliance on counsel is not "reasonable cause" have relied, in part, on their conclusion that the executor's duty to file a timely estate tax return is non-delegable. However, it is very easy for judges to speak of non-delegable duties and to impose on laymen standards of "reasonable care" for handling their legal affairs. Judges have, of course, extensive education and experience in the law. Ordinary laymen do not and they view most legal proceedings as somewhat imposing and mysterious. It is, therefore, not surprising that they should rely on their attorneys to handle their legal affairs. We should be hesitant to find such reliance unreasonable especially when the three factors, discussed *supra,* are present and where there are no facts which should have put the executor on notice that his legal affairs were being neglected. For these reasons, we decline to overrule *Rohrabaugh* and therefore affirm the district court.

COFFEY, Circuit Judge, concurring.

I agree with Judge Campbell's well-reasoned opinion. I would like to make a few additional comments pertaining to our standard of review of the district court's decision and the limitations imposed upon us by the doctrine of *stare decisis.*

As noted in the majority opinion, this court's *Rohrabaugh v. United States,* 611 F.2d 211 (7th Cir.1979), decision did not adopt a *per se* rule that reliance on counsel constitutes "reasonable cause" excusing the untimely filing of estate tax returns. Whether reasonable cause exists is, of course, primarily a question of fact to be determined by the trier of fact from all of the facts and circumstances in a particular case. *Estate of DiRezza v. Commissioner,* 78 T.C. 19 (1982) (citing *Estate of Duttenhofer v. Commissioner,* 49 T.C. 200, 204 (1967), *aff'd. per curiam,* 410 F.2d 302 (6th Cir.1979)). The burden of establishing that the failure to file a return was due to reasonable cause is upon the taxpayer. In the instant case, the trial court properly entered summary judgment in favor of the taxpayer after considering all the evidence before it. The limited record in this case consists of affidavits and depositions of Boyle and Keyser, his attorney. From my review of the record, I am convinced that the trial court properly determined that no material issues of fact existed concerning the background facts and circumstances and that this court's *Rohrabaugh* decision was controlling.

The dissent decrys our majority opinion herein as sanctioning "simple passivity" and rewarding Boyle for "simply clos[ing] his eyes and ears" and filing his return "whenever it pleased him." However, as the majority opinion accurately outlines, there is substantial evidence in the record showing that Boyle did not blindly turn the administration of his mother's estate over to Attorney Keyser or sit by passively as the due date passed. Boyle and his wife contacted Keyser numerous times (the affidavits and the depositions in the record repeatedly make mention of this fact), inquiring about the progress of the estate and, according to Attorney Keyser, Boyle was "repeatedly advised . . . that [Keyser] would notify [Boyle] of the date on which [the estate tax return] must be filed and the tax therein paid." During the months immediately preceding the filing of the tax return Boyle "had [his] wife call several times and [Keyser's firm] said they'd take care of it in plenty of time." In fact, an inquiry by Boyle led to the estate tax return being filed within one week after Keyser and Boyle realized it was tardy. These factors alone distinguish the instant case from each and every case cited in the dissent wherein: the taxpayers failed to make numerous inquiries as to the progress of the estate

administration; neither were the taxpayers repeatedly advised by their counsel that the returns would be filed in "plenty of time"; nor did the taxpayers' own inquiries trigger the immediate filing of the returns by the attorney after the due date was made known to the taxpayer: (1) *United States v. Kroll,* 547 F.2d 393 (7th Cir.1977) (involving a delay of over 9 months after knowledge of delinquency); (2) *Estate of Lammerts v. Commissioner,* 456 F.2d 681 (2d Cir.1972) (per curiam) (no evidence of any inquiry into progress of the estate); (3) *Boeving v. United States,* 650 F.2d 493 (8th Cir.1981), *rev'g,* 493 F.Supp. 665 (E.D.Mo.1980) (involving a delay of almost 7 months after the erroneously calculated due date); (4) *Estate of Lillehei v. Commissioner,* 638 F.2d 65 (8th Cir.1981) (per curiam) (no inquiries made); (5) *Ferrando v. United States,* 245 F.2d 582 (9th Cir.1957) (no questions were asked of counsel); (6) *Estate of Duttenhofer v. Commissioner,* 410 F.2d 302 (6th Cir. 1969) (per curiam), *aff'g,* 49 T.C. 200 (1967) (no inquiries made and constructive notice of actual due date); (7) *Estate of Geraci v. Commissioner,* 502 F.2d 1148 (6th Cir.1974), *aff'g,* 32 C.C.H.Tax Ct.Mem. 424 (1973) (no evidence of any inquiries and delay of almost one month after the erroneously calculated due date); and (8) *Estate of Mayer v. Commissioner,* 351 F.2d 617 (2d Cir.1965) (per curiam) (constructive notice of actual due date).

I do not know what else a taxpayer can be expected to do when he retains a professionally trained tax counselor, makes repeated calls to check on the progress of the tax returns and is advised that everything will be taken care of in plenty of time. I understand and agree that courts should understandably be hesitant to impute the misdeeds of a lawyer to his client when the client is not personally negligent, as the facts in this particular case most eloquently recite.

The dissent would require an executor/taxpayer to specifically ask his counsel the exact due date for each tax return in order to be considered as acting "reasonably." No decision of this court, or any other circuit court, has ever held that asking a single magically worded question (the exact due date) is the determining factor in cases such as this. It is neither practical nor realistic to require a taxpayer to specifically inquire as to the exact filing date, to supervise his attorney's every move, or to, in essence, personally perform those tasks he has entrusted to his professionally retained legal counsel to complete. Questions concerning "reasonable cause" and "ordinary business care and prudence" must be resolved in this case in favor of the taxpayer after reviewing the totality of the circumstances, being cognizant of a client's legitimate expectation that counsel will perform competently and professionally. Attorney Keyser was obligated, in accordance with Canon 6 of the Illinois Code of Professional Responsibility, to timely file the estate tax return and taxpayer Boyle reasonably and prudently trusted his counsel to perform responsibly. The dissent admits that Attorney Keyser's active negligence was the primary cause of the late filing and the actions of Boyle, as outlined in the majority and herein, make it clear that the taxpayer was not even passively negligent (Boyle has paid and does not challenge an interest assessment of $1,326.56 which resulted from no fault of his own). The dissent intimates that Attorney Keyser fabricated his version of the interaction between himself and his client concerning the estate tax returns and therefore, according to the dissent, Keyser's affidavit is of little or no probative value. Attorney Keyser swore to his affidavit under oath and I do not believe it is proper for this court or any court to either speculate or question one's integrity without adequate proof. If Attorney Keyser has acted improperly at any time during his representation of Boyle, that is a matter to be considered by the Illinois Supreme Court, not a federal appellate court. If the author of the dissent seriously questions the integrity, honesty and motive of the attorney's affidavit, a complaint should be filed with the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois. An opinion of this court, even a dissent, should not cast aspersions on an attor-

ney on a skeletal record as we have in this case. The most valuable asset of an attorney is his/her reputation for honesty and integrity, which should not be castigated without adequate proof—much less nothing but speculation as we have in this case.

Even if we accept the dissent's argument that *Rohrabaugh* is in conflict with the law of other circuits, such a contention misses the point. When this court has laid down a principle of law as applicable to a certain state of facts, under the doctrine of *stare decisis* we must adhere to that principle and apply it to all future cases, where the facts are substantially the same. As the majority opinion notes, the district court expressly cited *Rohrabaugh* in reaching its decision that Boyle's failure to file was due to reasonable cause. Because *Rohrabaugh* is the law in this circuit, it is controlling in cases before this court which present substantially similar fact situations. It is our duty to apply the precedent of this court as it exists and it is improper to foist upon litigants our personal views of what the law should be.

I fail to understand why the dissent is so interested in seeing that the innocent taxpayer is assessed a penalty for the late filing of the estate tax return due to the inefficiency, negligence, carelessness and misleading conduct of his tax counsel and see no reason for disturbing the decision of the district court, based on *Rohrabaugh,* which was supported by ample evidence. The taxpayer has already been forced to compensate the government by paying interest of $1,326.56 because the tax payment was approximately three months and a day overdue. The dissent broadly paints a picture of a sophisticated businessman crawling through a "tax loophole" in this case. Although Boyle is referred to as an engineer at a nuclear power plant, by his own testimony he is an "operating engineer," a position requiring no advanced training but only a "union card." There is absolutely no evidence in the record suggesting any intentional action by Boyle in an attempt to evade taxes or what was justly due the government.

POSNER, Circuit Judge, dissenting.

The federal estate-tax return must be filed within nine months after the decedent's death, 26 U.S.C. § 6075(a), and for each month that the return is late there is a mandatory penalty of five percent of the tax (up to a limit of 25 percent) "unless it is shown that [the failure to file on time] is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(1). Although in making "willful neglect" the opposite of "reasonable cause" the statute might seem to have modified the ordinary meaning of "reasonable," a Treasury Regulation the validity of which is not questioned requires the taxpayer who would establish "reasonable cause" to show that he "exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time." 26 C.F.R. § 301.6651–1(c)(1). Thus, the test is ordinary negligence.

Appellee Boyle, the decedent's son and the executor of her estate, did not know and did not ask his lawyer when the estate tax return was due; the lawyer neglected to prepare the return in time; and as a result the return was filed three months late and the statutory penalty was assessed. The lawyer, of course, is not liable for the penalty. And he need not fear a malpractice suit, since as a result of this court's decision his negligence has not hurt and may have benefited his client, by enabling the estate to retain for several months, without penalty, money to which the Internal Revenue Service was entitled.

Boyle is not J.P. Morgan or Baron Rothschild but he is an experienced businessman, and not the pathetic "receptionist/telephone operator ... inexperienced in business matters" of *Rohrabaugh v. United States,* 611 F.2d 211, 212 (7th Cir.1979). For many years president of an earth-moving company that employed 20 persons, he now works as an engineer for a nuclear power plant. He has a year of college and was the executor of his father's estate. He knew he had to file an estate tax return for his mother's estate, and he must have known that the return was due within a

fixed period of time after the decedent's death—that it could not be filed whenever he took a fancy to file it. See *United States v. Kroll,* 547 F.2d 393, 396 (7th Cir. 1977). Since a reasonable man with Boyle's business experience—experience that included signing corporate income tax returns for many years—would have asked his lawyer when the return was due, Boyle cannot appeal to a statute that requires reasonable cause for filing late.

By allowing "simple passivity" to excuse late filing, *Estate of Lammerts v. Commissioner of Internal Revenue,* 456 F.2d 681, 683 (2d Cir.1972) (per curiam), this court ignores the statute and regulation, goes beyond *Rohrabaugh,* and puts this circuit into conflict with the other circuits that have had to decide when reliance on an attorney's or accountant's error in preparing a timely estate tax return is reasonable cause for filing late. The Eighth and Ninth Circuits hold that the taxpayer's duty of care requires keeping tabs on his lawyer or accountant to make sure he is acting diligently; if as in this case the taxpayer fails in this duty he is guilty of willful neglect (which under the regulation just means negligence) per se and must pay the penalty. *Boeving v. United States,* 650 F.2d 493, 495 (8th Cir.1981); *Estate of Lillehei v. Commissioner of Internal Revenue,* 638 F.2d 65 (8th Cir.1981) (per curiam); *Ferrando v. United States,* 245 F.2d 582, 589 (9th Cir.1957). The Sixth Circuit once took a *Rohrabaugh*-like approach but has since swung round to a hard line similar to that of the Eighth and Ninth Circuits. See *Estate of Duttenhofer v. Commissioner of Internal Revenue,* 410 F.2d 302 (6th Cir.1969) (per curiam), and especially *Estate of Geraci v. Commissioner of Internal Revenue,* 502 F.2d 1148 (6th Cir.1974), a case much like *Rohrabaugh* (the "executrix, a housewife with no income of her own and little or no business experience, relied entirely on the attorney for the estate to file the return," and the attorney mistook the due date and became incapacitated to boot)—but decided the other way.

Although the Second Circuit condemned "simple passivity" in *Estate of Lammerts,* *supra* (see also *Estate of Mayer v. Commissioner of Internal Revenue,* 351 F.2d 617 (2d Cir.1965) (per curiam)), a sentence in *Lammerts*—"We refused to penalize the taxpayer which reasonably relied on the accountant to file," 456 F.2d at 683—might appear to give Mr. Boyle some comfort. But the context shows otherwise. The reference is to *Haywood Lumber & Mining Co. v. Commissioner of Internal Revenue,* 178 F.2d 769 (2d Cir.1950), not an estate tax case, where a penalty had been assessed against the taxpayer for failing to file a personal holding company return. The taxpayer's secretary-treasurer had requested its experienced accountant to prepare the proper tax returns, and neither realized that the taxpayer was in fact a personal holding company. The court pointed out that to require the secretary-treasurer "to inquire specifically about the personal holding company act nullifies the very purpose of consulting an expert. We doubt if anyone would suggest that a client who stated the facts of his case to his lawyer must, in order to show ordinary business care and prudence, inquire specifically about the applicability of various legal principles which may be relevant to the facts stated." *Id.* at 771. But Mr. Boyle did not ask his lawyer whether he had to file an estate tax return and receive a negative answer; he knew he had to file one and must also have known that there was a deadline for filing.

If Boyle had asked his lawyer when the deadline was and the lawyer had misinformed him, that might be reasonable cause for the late filing. But he did not ask. Judge Campbell's statement that "Boyle and his wife contacted Mr. Keyser [the lawyer] numerous times inquiring about the progress of the estate and the preparation of the federal estate tax return" does not accurately reflect the record as I read it; nor did the district judge refer to any such evidence in granting summary judgment for Boyle. Boyle stated in his deposition that he did not ask the lawyer when the return was due until the deadline passed, and while he did testify that his wife "talked with him [Keyser] several times, or

someone in the office," he also testified that he thought she had not asked the due date either, "because she didn't know the next fall when it was due, when we discovered that it was late." Whatever the Boyles were discussing with Keyser in this period it was not the due date of the estate tax return that they knew had to be filed and that they must have known had to be filed within a fixed period of time and not simply at their pleasure. Boyle could not simply close his eyes and ears and still be found to have used "ordinary business care and prudence."

The statement in Keyser's affidavit that he told Boyle that Keyser's firm would tell Boyle when the return was due has little if any probative value given the enormous pressure on Keyser to attest to a state of facts that would save his client from having to pay a penalty—and himself from being sued for recovery of that penalty in a malpractice suit. Rather than invite desperately self-serving declarations by negligent lawyers, we should follow the circuits that impose on the taxpayer the duty, easy enough to fulfill, of asking the date the return is due. Let us by all means, in the spirit of *Rohrabaugh,* allow an exception for the completely inexperienced. But let us not create a loophole for the experienced businessman to crawl through; let us not reward his and his lawyer's carelessness. At least let us not fool ourselves that *Rohrabaugh* requires such a result. Whether a decision shall be deemed a controlling precedent in a later case involving different facts is a judgment that must be made by the court deciding the later case; a broad reading of *Rohrabaugh* is not foreordained.

If Boyle were required to pay the penalty that the Internal Revenue Service assessed, he might well, as I have suggested, have a malpractice claim against his lawyer, whose admitted negligence was the primary cause of the late filing. Liability would thus come to rest on the person whose fault was primarily responsible for depriving the Internal Revenue Service of its due. In this way proper incentives would be created to avoid a persistent problem in the enforce-ment of the tax laws. Instead the court today adopts an approach that rewards both the active negligence of the lawyer and the passive negligence of his client.