R. BOB SMITH AND MARJORIE W. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 27715-81.
United States Tax Court
T.C. Memo 1984-114; 1984 Tax Ct. Memo LEXIS 556; 47 T.C.M. (CCH) 1233; T.C.M. (RIA) 84114; March 8, 1984. John E. Watson, for the petitioners. Jane T. Dickinson and Roy S. Fischbeck, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined an addition to petitioners' Federal income tax for the taxable year 1977 in the amount of $61 under section 6651(a)(1)[1] for failure to timely file their return. The only issue for decision is whether petitioners' failure to timely file their 1977 Federal income tax return was due to reasonable cause and not due to willful neglect. FINDINGS OF FACT Some of the *557 facts have been stipulated. The stipulation of facts and accompanying exhibits are so found and incorporated herein by reference. Petitioners have been married since 1947 and filed a joint Federal income tax return for 1977 with the Internal Revenue Service in Atlanta, Georgia. Petitioners were legal residents of Odessa, Florida, when they filed their petition. Petitioner R. Bob Smith has been a certified public accountant since 1947. He was employed by various accounting firms during his career and eventually became a partner in the Miami, Florida, office of a nationally recognized accounting firm. In 1973, petitioner R. Bob Smith ceased his association with this nationally recognized accounting firm. In 1974, petitioner R. Bob Smith began to teach college in Florida and also organized a company known as C.P.AE., Incorporated, (hereinafter referred to as "the corporation") which offered continuing professional education courses for certified public accountants and review courses for the certified public accountant examination. Over the next several years, petitioner Marjorie Smith significantly assisted her husband in such endeavors by performing various ministerial tasks. *558 During 1974, petitioners also developed plans to purchase and rehabilitate older homes in suburban Miami. They ultimately purchased two houses for investment and began to refurbish them. Over the next several years, high interest rates, construction problems and a slump in the real estate market disrupted their plans and caused them great financial discomfort. Petitioner Marjorie Smith was hospitalized several times during 1977 for a variety of physical ailments. Emotional difficulties followed soon thereafter. By 1978, she had substantially recovered from her physical problems but still suffered from depression, which was exacerbated by petitioners' financial difficulties. During 1978, petitioners lived a harried life. Throughout the year, they devoted considerable time and effort to the corporation's activities. Petitioner R. Bob Smith frequently traveled to various cities to conduct his continuing professional education and review courses. Further, during the first quarter of the year, petitioner R. Bob Smith taught classes at a nearby college and also conducted numerous investigations for the Florida Board of Accountants. During the second quarter of 1978, petitioner *559 R. Bob Smith taught classes at two Florida colleges. One of these schools was a great distance from his home and thus necessitated extensive daily commuting. During the summer months, petitioners devoted a great deal of time to their attempts to sell the two homes they had purchased for rehabilitation and eventually sold both of them. Finally, in the latter part of 1978, petitioner R. Bob Smith was diagnosed as suffering from hypertension, diabetes and obesity. Petitioners' 1977 tax return was originally due on April 15, 1978. They initially decided to prepare their own return. Through the assistance of another nationally recognized accounting firm, petitioners obtained an extension of time in which to file their return until June 15, 1978. Petitioners utilized the services of this firm solely to obtain extensions of time and never gave them their records nor employed them to prepare or review their return. On June 14, 1978, petitioners telephoned this accounting firm to remind them to obtain another extension of time for filing their 1977 return. On June 16, 1978, petitioners were informed by this firm that no extension of time had been obtained due to a mix-up at the office *560 and they were advised to file their return as soon as possible. Petitioners began to assemble their records for the taxable year 1977 during the summer of 1978. No additional efforts to file the 1977 return occurred until October, 1978. During October, petitioners concentrated on filing the corporation's 1977 return and also realized that they lacked sufficient information to complete their 1977 joint return. In February, 1979, petitioners employed a former administrative assistant to Mr. Smith to aid them in preparing their 1977 return. Petitioners later submitted their 1977 return and records to another accounting firm for review. Petitioners ultimately filed their 1977 return on April 18, 1979, showing a tax liability of $39,340.39. Petitioners made a partial payment of $17,173.98 with their return. On June 11, 1979, additions to tax were assessed against petitioners under sections 6651(a)(1) (failure to file), 6651(a)(2) (failure to pay), and 6654 (failure to estimate) in the amounts of $9,196.49, $1,569.49, and $388, respectively. Interest in the amount of $2,400.73 was also assessed on this date. On September 7, 1979, petitioners paid $22,865.17 towards their 1977 *561 tax liability. Upon audit of petitioners' 1977 return, the Commissioner proposed adjustments of $487, which increased petitioners' tax liability by $244, and also sought to increase the addition to tax for failure to timely file their return under section 6651(a)(1) by $61. Petitioners agreed to the adjustments and paid $244 but refused to pay the $61 addition to tax. On August 6, 1981, the Commissioner mailed a statutory notice to petitioners asserting their liability for the $61 addition to tax. OPINION The sole issue for decision is whether petitioners' late filing of their 1977 Federal income tax return was due to reasonable cause rather than willful neglect which would absolve them of liability for the addition to tax under section 6651(a)(1). This issue is primarily a question of fact to be decided upon all of the surrounding circumstances. Coates v. Commissioner,234 F.2d 459, 462 (8th Cir. 1956). Petitioners have the burden of proof. Dritz v. Commissioner,427 F.2d 1176 (5th Cir. 1970), affg. a Memorandum Opinion of this Court; Bebb v. Commissioner,36 T.C. 170, 173 (1961); *562 Rule 142(a). To prevail, petitioners must demonstrate both their lack of willful neglect and the presence of reasonable cause. Fleming v. United States,648 F.2d 1122, 1124 (7th Cir. 1981); Logan Lumber Co. v. Commissioner,365 F.2d 846, 853 (5th Cir. 1966); Estate of Mayer v. Commissioner,43 T.C. 403, 405 (1964), affd. per curiam 351 F.2d 617 (2d Cir. 1965), cert. denied 383 U.S. 935 (1966). Petitioners generally contend that the late filing of their 1977 return was due to reasonable cause and not the result of willful neglect based upon the following matters: (1) their selection of and reliance upon a nationally recognized accounting firm to obtain an extension of time for filing their return and the accounting firm's negligence in failing to timely apply for and obtain said extension; (2) their poor state of health; and (3) their overwhelming workload resulting from their employment and financial endeavors. Respondent asserts that petitioners had a duty to timely file their return; therefore, their reliance upon an accounting firm to obtain an extension of time in which to file their return and *563 the firm's subsequent failure to do so does not constitute reasonable cause. Further, respondent contends that the record does not support petitioners' position that their late filing was due to reasonable cause. We agree with respondent. Generally, all classes of taxpayers are charged with knowledge of the dates that income tax returns are due. [2] They have a duty, therefore, to see that such returns are timely filed. The negligence of the taxpayer's accountant or attorney in timely filing an income tax return does not constitute reasonable cause. Millette & Assoc., Inc. v. Commissioner,594 F.2d 121, 124-125 (5th Cir. 1979), affg. a Memorandum Opinion of this Court, cert. denied 444 U.S. 899 (1979); Dritz v. Commissioner,supra;Logan Lumber Co. v. Commissioner,supra at 853-854. It logically follows that a taxpayer's duties also include the timely filing of an extension application. Elliott v. Commissioner,40 T.C. 304, 315 (1963). *564 There is no question that petitioners knew that their 1977 return or an extension application was due on or before June 15, 1978. Petitioner R. Bob Smith had been a certified public accountant since 1947 and had called his accountants on June 14, 1978, to remind them to file an extension application on their behalf. In Bonner v. City of Prichard, Alabama,661 F.2d 1206, 1207 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit expressly adopted as binding precedent for Federal courts within its circuit, the decisions of the "old" Fifth Circuit which were decided prior to October 1, 1981. Since the immediate decision is appealable to the Eleventh Circuit, we are bound by the courts' holdings in Millette & Assoc., Inc. v. Commissioner,supra,Dritz v. Commissioner,supra, and Logan Lumber Co. v. Commissioner,supra.Golsen v. Commissioner,54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). The Court of Appeals for the Fifth Circuit in Millette stated the rule as follows: The justification *565 offered by the taxpayer for its failure to file on time is that it relied on its tax advisors to submit the return.However, it is well established that reliance on tax advisors is not reasonable cause for failure to file a return on time; the responsibility for assuring a timely filing is the taxpayer's. Logan Lumber Co. v. Commissioner of Internal Revenue, 5 Cir. 1966, 365 F.2d 846, 854; Dritz v. Commissioner, 1969, 28 T.C.M. 874, 882, aff'd, 5 Cir. 1970, 427 F.2d 1176. [594 F.2d at 125.] Therefore, while we can empathize with petitioners' efforts in seeing that a timely extension application was filed, their accountant's failure to obtain an extension of time on their behalf does not constitute reasonable cause for their late filing of their 1977 return. We are also convinced that petitioners' health problems should not excuse the late filing of their 1977 return. Petitioners were not incapacitated on June 15, 1978, the date their return was due, nor were their health problems so substantial and continuous that *566 they could not have filed their return prior to April 18, 1979. Williams v. Commissioner,16 T.C. 893, 905-906 (1951). Therefore, petitioners' health problems do not constitute reasonable cause for the late filing of their 1977 return. Finally, petitioners' workload does not justify the late filing of their 1977 return. Even assuming that petitioners were overwhelmed with their business and financial affairs (a conclusion which is not entirely supported by the record), we have held that a heavy workload and preoccupation with business affairs does not constitute reasonable cause for the untimely filing of a tax return. Dustin v. Commissioner,53 T.C. 491, 507 (1969); affd. 467 F.2d 47 (9th Cir. 1972). Therefore, petitioners' concentration on their financial endeavors does not constitute reasonable cause for their late filing of their 1977 return. Accordingly, since petitioners have failed to demonstrate that the late filing of their 1977 Federal income tax return was due to reasonable cause and not the result of willful neglect, the *567 Commissioner's determination is sustained. Fleming v. United States,supra;Logan Lumber Co. v. Commissioner,supra;Estate of Mayer v. Commissioner,supra.
Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and all rule references are to this Court's Rules of Practice and Procedure.↩
2. In DiPalma v. Commissioner,71 T.C. 324 (1978), we found "reasonable cause" as a fact to exist, excusing the executrix of an estate from the addition to tax for late filing of the estate tax return. She relied upon the erroneous advice of counsel that an estate tax return was not yet due. Certiorari has been applied for in cases from the Seventh and Eighth Circuits which held, respectively, that reliance upon an attorney or accountant for timely filing an estate tax return does and does not constitute reasonable cause. Boyle v. United States,710 F.2d 1251 (7th Cir. 1983), petition for cert. filed January 10, 1984; Estate of Kerber v. United States,717 F.2d 454↩ (8th Cir. 1983), petition for cert. filed December 28, 1983.