T.C. Memo. 2001-295

UNITED STATES TAX COURT

DOYCE D. GENTRY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10967-97.                    Filed November 6, 2001.

<u>Charles E. Hammond</u>, for petitioner.

<u>Dennis R. Onnen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

BEGHE, <u>Judge</u>:  Respondent determined the following
deficiencies, late-filing additions, and accuracy-related
penalties with respect to petitioner's Federal income tax:

|      |            | Addition to Tax | Accuracy-related Penalty |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6662(a) |
|------|-----------|-----------------|--------------------------|
| 1991 | $17,939   | $4,497          | $3,588 |
| 1992 | 1,395     | 329             | 379 |

Petitioner has conceded the deficiencies. The only issues remaining for decision are the late-filing additions and accuracy-related penalties.

We uphold respondent's determinations of late-filing additions. We uphold respondent's determinations of accuracy-related penalties, other than the portion of the penalty for 1991 attributable to petitioner's failure to report income of a sole proprietorship received during the period August 1 through November 14, 1991, which income was erroneously included on a corporate return.

## FINDINGS OF FACT

Most of the facts have been stipulated and are so found. The stipulation of facts and the related exhibits are incorporated by this reference.

Petitioner is liable for deficiencies in Federal income tax for the years 1991 and 1992 in the amounts of $17,939 and $1,395, respectively.

The filing deadline for petitioner's 1991 Federal income tax return was April 15, 1992, and for petitioner's 1992 Federal income tax return was April 15, 1993. Petitioner filed his

Federal income tax returns for 1991 and 1992 on August 11, 1994, and March 21, 1994, respectively--much more than 5 months after their respective due dates.

Petitioner understated the proper tax due on his Federal income tax return for 1991 by $17,939 and for 1992 by $1,395. This constituted an understatement of the proper tax due of approximately 97 percent for 1991 and 70 percent for 1992.

Tesco Driveaway, Inc. (Tesco), was incorporated under the laws of the State of Missouri on November 15, 1991. Prior to the incorporation, petitioner operated the Tesco business as a sole proprietorship.

Prior to August 1, 1991, petitioner asked his personal and business accountant, Dal Livingood, owner of Diversified Management Services, to prepare the necessary documentation to incorporate Tesco. At petitioner's direction, Mr. Livingood prepared and submitted incorporation papers for Tesco to the Missouri secretary of state on or about August 1, 1991.

The Missouri secretary of state returned the incorporation papers unfiled due to some defect. Mr. Livingood remedied the defect in the incorporation papers, obtained petitioner's signature on the revised incorporation papers, and resubmitted them. The Missouri secretary of state accepted the resubmitted documents, and Tesco was incorporated on November 15, 1991.

Petitioner failed to include on Schedule C of his 1991 tax

return $32,755 of income attributable to the Tesco business during the period August 1 through November 14, 1991. This income was erroneously included on Tesco's corporate return rather than petitioner's individual return due to an error made by his accountant. Petitioner was not aware of the error at the time he filed his 1991 Federal income tax return.

Petitioner resided in Kansas City, Missouri, when he filed his petition.

OPINION

Issue 1. Late-Filing Additions Under Section 6651(a)(1)

Section 6072(a)[1] requires an individual income tax return to be filed by "the 15th day of the fourth month following the close of the calendar year", unless an extension to file is obtained. Petitioner submitted no evidence to suggest that he requested, or that respondent granted, an extension to file either the 1991 return or the 1992 return.[2] Petitioner did not timely file his tax returns for 1991 or 1992.

Under section 6651(a)(1), there shall be imposed on an individual taxpayer who fails timely to file an income tax return

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Sec. 6161(a)(1) allows the Secretary, upon timely request, to grant an extension of time of up to 6 months to file a return. Because these returns were filed so late, the maximum additions would apply even if an extension of 6 months had been obtained.

an addition to tax of 5 percent of the tax due for each month or partial month of the delinquency, not to exceed 25 percent, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". Since both returns were filed more than 5 months after the due date, the maximum penalty of 25 percent would apply, unless the delay was the result of "reasonable cause" and not "willful neglect".

Petitioner bears the burden of proving that the delay resulted from "reasonable cause" and not "willful neglect" where the addition to tax was determined in the notice of deficiency, as it was here.[3] Rule 142(a); Bebb v. Commissioner, 36 T.C. 170, 173 (1961); Comey v. Commissioner, T.C. Memo. 2001-275; Smith v. Commissioner, T.C. Memo. 1984-114; Dritz v. Commissioner, T.C. Memo. 1969-175, affd. 427 F.2d 1176 (5th Cir. 1970); see also Welch v. Helvering, 290 U.S. 111 (1933) (presumption of correctness given to Commissioner's determinations in notice of deficiency).

Petitioner offered no evidence to meet his burden of proof. Indeed, the only relevant testimony concerning this issue was

---

[3]In 1998, Congress enacted sec. 7491(c), which places the burden of production on the Secretary in connection with any determination of penalties or additions to tax. Sec. 7491(c) applies only to court proceedings arising in connection with examinations commenced after July 22, 1998. Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001, 112 Stat. 726. The notice of deficiency in this case was issued on Feb. 26, 1997, which conclusively establishes that the examination was commenced before July 22, 1998.

petitioner's admission that he knows now, and knew in 1991, that his returns were due on April 15 following the tax year.

Petitioner's only apparent theory for avoiding liability for the late-filing additions is that he relied on his accountant to make sure his returns were timely filed. However, the Supreme Court made it clear in United States v. Boyle, 469 U.S. 241, 249-50 (1985), that a taxpayer cannot avoid late-filing additions to tax merely by showing that he relied on an agent to file his tax return. Petitioner also failed to introduce any evidence to show that the delay was caused by his accountant's neglect, as opposed to petitioner's own neglect.

Therefore, we hold that petitioner is liable for the late-filing additions to tax as determined by respondent.

## Issue 2. Accuracy-Related Penalty Under Section 6662

Section 6662(a) imposes a 20-percent penalty on the underpayment of tax attributable to, among other things, the taxpayer's "negligence", sec. 6662(b)(1), or "substantial understatement of income tax", sec. 6662(b)(2). Negligence is defined to include the "failure to make a reasonable attempt to comply" with the tax laws. Sec. 6662(c). A "substantial understatement" is an understatement for the taxable year exceeding the greater of 10 percent of the proper tax, or $5,000. Sec. 6662(d)(1)(A).

Petitioner's tax return for 1991 showed tax due of $468.

Thus, petitioner's admitted understatement of $17,939 greatly exceeded both 10 percent of the proper tax due[4] and $5,000. The understatement thus constitutes a "substantial understatement".[5]

Petitioner's tax return for 1992 showed tax due of $596. Respondent's accuracy-related penalty for 1992 was attributable solely to the negligence provision of section 6662(b)(1).[6]

Petitioner has introduced no evidence to dispute respondent's determination that petitioner's 1991 understatement was "substantial" within the meaning of the statute, or that petitioner was negligent in connection with his 1992 understatement. However, petitioner argues that no accuracy-related penalty should be imposed under section 6664(c)(1), which provides:

> No penalty shall be imposed under this part with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion.

------

[4]The proper tax due consists of the $17,939 understatement plus the $468 in tax shown on 1991 return, for a total of $18,407. The understatement represents more than 97 percent of the proper tax due.

[5]Respondent did not assert in the notice of deficiency that the 1991 penalty was also being imposed on the alternative grounds of negligence.

[6]Petitioner's admitted understatement of $1,395 for 1992 represents more than 10 percent of the proper tax due. The proper tax due consists of the $1,395 understatement plus the tax shown on the return of $596, resulting in a proper tax due of $1,991. The understatement thus represents more than 70 percent of the proper tax due, but does not exceed $5,000.

We must therefore determine whether it was appropriate to impose the "substantial understatement" penalty for 1991 and the "negligence" penalty for 1992.

    a.   <u>Accuracy-Related Penalty for 1991 With Respect to</u>
        <u>$32,755 of Income Reported by Corporation for Period</u>
        <u>Prior to Formation</u>

The testimony of the witnesses at trial and the parties' briefs focused on the portion of the 1991 accuracy-related penalty relating to income erroneously reported by Tesco. Respondent and petitioner agree that petitioner failed to include on Schedule C of his 1991 tax return $32,755 of income attributable to the Tesco business for the period August 1 through November 14, 1991. Petitioner contends, however, that this income was erroneously included on Tesco's corporate return due to an error of fact or law by his accountant. Respondent, in the notice of deficiency, admitted that the income was erroneously allocated to Tesco rather than entirely omitted:

> It is determined that Schedule C net income of
> $32,755.00 for the period of August 1, 1991 through
> November 14, 1991 was improperly omitted from the
> return. You reported the net income from this period
> on the corporate return of Tesco Driveaway Co., Inc.
> However, Tesco Driveaway Co., Inc. was not
> incorporated until November 15, 1991 and therefore
> did not exist until that date. Per your books the
> net income for the period of August 1, 1991 through
> November 14, 1991 is $32,755.00. Therefore, your
> taxable income is increased $32,755.00 for 1991.

Respondent argues that petitioner knew or should have known that the State of Missouri had rejected Tesco's incorporation

papers long before petitioner filed his 1991 individual income tax return. Respondent notes the 1992 and 1993 fiscal year corporate returns of Tesco, which petitioner signed, recite the incorporation date as November 15, 1991. Respondent also notes that petitioner re-signed the incorporation papers after they were returned by the State of Missouri due to a defect. Respondent asks us to infer that petitioner's prior knowledge that the Missouri secretary of state had rejected the incorporation papers equals knowledge that an error was made in the allocation of income between petitioner's individual and Tesco's corporate return. We disagree.

Even if petitioner knew that the incorporation papers had been rejected, respondent did not show that petitioner knew both that the $32,755 of income had been included in the corporate return and excluded from his individual return, and that the State of Missouri's rejection of the incorporation papers required petitioner, as a legal matter, to include the income that was earned during the gap period on his individual return.

Petitioner testified without contradiction that he relied on his accountant to prepare proper tax returns. His accountant knew all the facts regarding the rejected incorporation papers because he is the one who submitted them, received them back unfiled, and then fixed and resubmitted them. Yet, even at the time of trial, the accountant thought the income during the gap

period had been applied to petitioner's individual return.

The evidence in the record persuades us that petitioner did not know, at the time he filed his 1991 individual income tax return, of his accountant's error in applying the income from August 1 through November 14, 1991, to Tesco's corporate return rather than his individual return. Moreover, the circumstances are sufficiently confusing and uncertain to constitute reasonable cause for the error. Petitioner has met his burden of establishing that the understatement for 1991 was due to reasonable cause (an error by his accountant in the allocation of income between his individual and corporate return during the formation gap), and that he acted in good faith with respect to such portion by reasonably relying on his accountant's expertise.

There is no evidence in the record to suggest that petitioner actually knew of the accounting error at the time he filed his 1991 individual return. Nor is there any evidence to suggest that petitioner took unfair advantage of the Government or received any net financial benefit from the erroneous allocation of the income. On the contrary, the evidence suggests that this was an innocent error caused by a series of mistakes inadvertently made by petitioner's accountant. In these circumstances, we conclude that no accuracy-related penalty should be imposed in connection with the $32,755 of income erroneously omitted from petitioner's 1991 individual income tax

return and included in Tesco's corporate return.[7]

    b.  <u>Accuracy-Related Penalty on Other 1991 Items and 1992 Items</u>

Petitioner offered no evidence or argument to excuse the other errors made in his 1991 and 1992 returns.[8]  Petitioner's mere reliance on his accountant to prepare correct returns is not "reasonable cause".  Sec. 1.6664-4(b)(1), Income Tax Regs. ("Reliance on * * * the advice of a professional tax advisor * * * does not necessarily demonstrate reasonable cause and good faith").  As in <u>Ma-Tran Corp. v. Commissioner</u>, 70 T.C. 158, 173 (1978), "No evidence was presented to show the Court that * * * [petitioner] supplied the accountant with the correct information or that the filing of the incorrect returns was the result of the accountant's error."  Petitioner has failed to meet his burden of proving that the remaining errors were the result of "reasonable cause" or that he acted in "good faith" with respect to them.  We uphold respondent's determination that petitioner is liable for the accuracy-related penalty on the portion of the 1991 deficiency attributable to the other items and on the 1992 deficiency in its entirety.

---

[7]In a separate case before this Court concerning Tesco, docket No. 10966-97, the Commissioner has already reduced Tesco's liability by the $32,755 which was erroneously included in Tesco's return for its fiscal year ending July 31, 1992, and which is now being charged to petitioner in the case at hand.

[8]See <u>supra</u> note 3.

After giving effect to petitioner's concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.