T.C. Memo. 2018-7

UNITED STATES TAX COURT

JAMES S. PLATO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket  No. 12667-14.                    Filed January 24, 2018.

James S. Plato, pro se.

<u>Portia N. Rose</u>, <u>Kristen I. Nygren</u>, and <u>Paul Cooperman Feinberg</u>, for
respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:  The Internal Revenue Service (IRS or respondent)

determined a deficiency in petitioner's Federal income tax of $165,133.80 and

additions to tax in relation to his Federal income tax of $35,477.06, $39,418.95,

**[\*2]** and $7,138.53 under sections 6651(a)(1) and (2) and 6654, respectively, for 2007.[1]

The issues[2] remaining for decision are whether petitioner is liable for additions to tax for: (1) failure to timely file a Federal tax return, (2) failure to pay tax shown on the return, and (3) failure to pay estimated tax for 2007.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The first stipulation of facts, the first supplemental stipulation of facts, and the facts drawn from the stipulated exhibits are incorporated herein by this reference. Petitioner resided in Texas when he timely filed his petition.

Petitioner separated from his wife in December 2007, and they have not lived together since then.[3] In the matter of petitioner's divorce action community property assets, including a stock brokerage account and a section 401K

---

[1]Unless otherwise stated, all section references are to the Internal Revenue Code in effect for the tax year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The parties resolved the underlying deficiency in this case and filed a stipulation of settled issues on October 6, 2015. Respondent also conceded that petitioner is entitled to a foreign tax credit of $43 and that petitioner is not liable for a sec. 72(t) additional tax of $918.

[3]As of the time of trial petitioner's divorce was not finalized.

[*3] retirement account, were liquidated subject to a stipulation order in December 2007. Petitioner prepared and signed a Form 1040, U.S. Individual Income Tax Return, for 2007 reporting the filing status of married filing jointly and a tax liability of $46,073 (joint return).[4] On April 15, 2008, he left the joint return and a check for $46,073 "under the mat at the front door" of his wife's residence for her to sign and mail to the IRS. There is no evidence in the record that the return was mailed or the check negotiated. Petitioner did not request an extension of time to file the joint return, but he asked his wife to request an extension. Neither the request for an extension of time nor the joint return was filed with the IRS.

The IRS prepared a substitute for return (SFR) for 2007.[5] The SFR is not a part of the record in this case. On the basis of the SFR, the IRS issued petitioner a notice of deficiency, determining a deficiency and additions to tax for 2007. During the course of the examination and after the notice of deficiency dated May 5, 2014, petitioner submitted a 2007 Form 1040 reporting a filing status of married

---

[4]The parties filed a supplemental stipulation of facts that included as an exhibit a copy of the joint return signed only by petitioner and not by his spouse and dated April 14, 2008. Petitioner submitted the copy of the joint return to respondent during the audit.

[5]The IRS account transcript for petitioner's tax period ending December 31, 2007, reports that the SFR was prepared on December 10, 2012. In his pretrial memorandum respondent contends that the SFR was prepared on March 3, 2014.

[*4] filing separately (separate return) and tendered a payment of $43,490 with the separate return. Respondent accepted the payment made with the separate return on March 16, 2015, and it is the basis for the stipulation of settled issues entered into by the parties and the basis for the recalculation of the additions to tax for which respondent determined petitioner was liable. See supra note 2.

## OPINION

### I.     Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). As stated supra the parties resolved the underlying deficiency; only the additions to tax remain in issue. Under section 7491(c) respondent has the burden of production with respect to petitioner's liability for any penalty or addition to tax.

### II.    Additions to Tax

#### A.     Failure To Timely File a Tax Return and Failure To Pay Tax Shown on Return

Section 6651(a)(1) and (2) imposes additions to tax for failure to timely file a Federal income tax return and failure to timely pay the tax shown on a return, respectively, unless it is shown that the failure is due to reasonable cause and not

[*5] due to willful neglect. The addition to tax under subsection (a)(1) is equal to 5% of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent. The addition to tax under subsection (a)(2) is 0.5% of the amount shown as tax on the return for each month or fraction thereof during which such failure continues, up to a maximum amount of 25%. A taxpayer is not liable for an addition to tax for failure to timely file or pay if he shows the untimeliness was due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1) and (2); Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

### 1. Failure To Timely File a Tax Return

Petitioner was required to, but did not, timely file a Federal income tax return for 2007. Respondent has met his burden of production for the 6651(a)(1) addition to tax for 2007. Petitioner argues that he had reasonable cause and did not willfully neglect his filing obligation for 2007 because he signed the joint return on April 15, 2008, and then left it and a check for the liability reported on that return "under the mat" of his wife's residence. Petitioner argues that his actions in attempting to file the joint return coupled with his history of compliance in filing tax returns amount to reasonable cause for his failure to file a tax return

[*6] for 2007. Petitioner argues that Willis v. Commissioner, 736 F.2d 134 (4th Cir. 1984), rev'g T.C. Memo. 1983-180, supports his contention that the Court should consider his history of timely filing tax returns.

In Willis, the taxpayer and his secretary-comptroller reviewed the taxpayer's return. Id. at 140. After the taxpayer was satisfied with the return's contents, he instructed his secretary-comptroller to draw and endorse a corporate check to cover the tax liability, to transfer funds from the taxpayer's personal account to cover the corporate check, and to mail the tax return and check to the IRS. Id. The taxpayer's secretary-comptroller then inadvertently failed to timely mail the taxpayer's tax return, and the IRS received it 12 days late. Id. The U.S. Court of Appeals for the Fourth Circuit included the taxpayer's history of timely filing in its analysis of whether the taxpayer acted with reasonable cause. Id. at 139-140. It also stated that the "[t]axpayer did all possible to see that the return was timely filed with [the] IRS". Id. at 140.

Petitioner's reliance on Willis is misplaced for two reasons. The first is that Willis was effectively overturned by Boyle v. Commissioner, 469 U.S. 241 (1985) (holding that a taxpayer cannot rely on an agent to timely file a tax return).[6] The

_____

[6]Moreover, Willis v. Commissioner, 736 F.2d 134 (4th Cir. 1984), rev'g T.C. Memo. 1983-180, is a U.S. Court of Appeals for the Fourth Circuit case.

(continued...)

**[\*7]** second is that petitioner did not do everything possible to see that any return was filed with the IRS. Petitioner left the joint return and a check for $46,073 under the doormat of his wife's residence. Petitioner did not request an extension of time to file the joint return, but he asked his wife to request an extension of time to file. Indeed, petitioner took no further action to comply with his requirement to file a tax return until respondent issued him a notice of deficiency. Additionally, the Court has held that failure to obtain a spouse's signature on a married filing jointly return when the couple is separated does not always constitute reasonable cause for failure to timely file a tax return. See Sutherland v. Commissioner, T.C. Memo. 1991-619.

Petitioner received the notice of deficiency dated May 5, 2014, and thereafter submitted the separate return to respondent and tendered a payment of $43,490 with his return. The transcript of account for 2007 shows that respondent accepted the payment made with the separate return on March 16, 2015. For the

---

⁶(...continued)
Petitioner's case is appealable to the U.S. Court of Appeals for the Fifth Circuit, which has long held that a taxpayer cannot rely on an agent to timely file a tax return. See Millette & Assocs., Inc. v. Commissioner, 594 F.2d 121, 124-125 (5th Cir. 1979) (citing Logan Lumber Co. v. Commissioner, 365 F.2d 846 (5th Cir. 1966), aff'g and remanding T.C. Memo. 1964-126, and Dritz v. Commissioner, T.C. Memo. 1969-175, aff'd, 427 F.2d 1176 (5th Cir. 1970)), aff'g T.C. Memo. 1978-180.

**[\*8]** reasons stated above, the Court finds that petitioner did not have reasonable cause for failing to timely file a tax return for 2007. Thus, respondent's determination of an addition to tax for failure to timely file a tax return is sustained, and petitioner is liable for that addition to tax.

### 2. Failure To Pay Tax Shown on Return

Respondent filed an SFR for petitioner for 2007, which was the basis for the notice of deficiency in this case. A return prepared by the Commissioner in accordance with section 6020(b) is treated as the return filed by the taxpayer for the purpose of determining the amount of the addition under section 6651(a)(2). Sec. 6651(g)(2); Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006). Respondent's burden of production under section 7491(c) requires that he introduce evidence that he made an SFR for 2007 that satisfies the requirements of section 6020(b). See Cabirac v. Commissioner, 120 T.C. 163, 170 (2003), aff'd without published opinion, 94 A.F.T.R. 2d (RIA) 2004-5490 (3d Cir. 2004); Gleason v. Commissioner, T.C. Memo. 2011-154, 2011 WL 2600917; see also Wheeler v. Commissioner, 127 T.C. at 210.

To constitute a section 6020(b) SFR, "the return must be subscribed, it must contain sufficient information from which to compute the taxpayer's tax liability, and the return form and any attachments must purport to be a 'return'." Rader v.

**[\*9]** Commissioner, 143 T.C. 376, 382 (2014) (quoting Spurlock v. Commissioner, T.C. Memo. 2003-124, 2003 WL 1987156, at \*10), aff'd in part, 616 F. App'x 391 (10th Cir. 2015). The Court has held that the requirements of section 6020(b) have been met where an SFR consists of Form 4549, Income Tax Examination Changes; Form 886-A, Explanation of Items; and Form 13496, IRC Section 6020(b) Certification. See id.; Gleason v. Commissioner, 2011 WL 2600917, at \*12.

Respondent entered into evidence a Form 3623, Statement of Account, a Form 4549, and a Form 886-A. The Form 3623 has the docket number for petitioner's case typed at the top of the form. Thus, the Form 3623 was not a part of the SFR prepared before petitioner filed a petition with the Court and was issued a docket number for his case. The Forms 4549 and 886-A are both dated "12/15/2015" and contain calculations based on petitioner's separate return. There is no Form 13496 in the record. Respondent has failed to meet his burden of production with respect to the appropriateness of imposing the section 6651(a)(2) addition to tax. Therefore, the determination in the notice of deficiency of the addition to tax for failure to pay the tax shown on the return is not sustained.

**[*10]** B.     Failure To Pay Estimated Tax

Section 6654 imposes an addition to tax on an individual who underpays his estimated tax.  The addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability.  Sec. 6654(c) and (d).  Each required installment is equal to 25% of the "required annual payment." Sec. 6654(d)(1)(A).  The required annual payment equals the lesser of:  (1) 90% of the tax shown on the individual's return for that year (or, if no return is filed, 90% of his tax for such year) or (2) if the individual filed a valid return for the immediately preceding taxable year, 100% of the tax shown on that return.  See sec. 6654(d)(1)(B).  There are limited exceptions to the requirement to pay estimated tax that are not applicable here.  See sec. 6654(e).

If taxpayers who filed a married filing jointly return for the prior tax year file married filing separately returns for the taxable year for which the estimated tax payments are being calculated, the regulations provide a special rule for calculating their required annual payments.  Sec. 1.6654-2(e), Income Tax Regs.[7]

---

[7]Sec. 1.6654-2(e), Income Tax Regs., provides in part:

Special rule in case of change from joint return or separate return for the preceding taxable year.--(1) Joint return to separate returns.--In determining the applicability of the exceptions * * * of this section to an underpayment of estimated tax, a taxpayer filing a separate return

                                                        (continued...)

**[*11]** The taxpayers' prior year tax liabilities would be the taxes the spouses would be liable for if they each filed a married filing separately return for that year. Sec. 1.6654-2(e)(1) and (2), <u>Example</u> (1), Income Tax Regs.

An IRS account transcript for the 2006 joint return was entered into evidence. The transcript shows that petitioner and his spouse reported adjusted gross income of $74,717 and tax per the return of $5,144 for 2006. Although there were withholding payments of $7,458 made in 2007, community property law in the State of petitioner's residence requires that amount to be allocated when the married spouses chose to file separately.[8] No information was entered into

---

[7](...continued)
who filed a joint return for the preceding taxable year shall be subject to the following rule: The tax--

    (i) Shown on the return for the preceding taxable year, or

    (ii) Based on the tax rates and personal exemptions for the current taxable year but otherwise determined on the basis of the facts shown on the return for the preceding taxable year, and the law applicable to such year, shall be that portion of the tax which bears the same ratio to the whole of the tax as the amount of the tax for which the taxpayer would have been liable bears to the sum of the taxes for which the taxpayer and his spouse would have been liable had each spouse filed a separate return for the preceding taxable year. * * *

[8]The 2006 joint return reflects a total tax liability of $5,144; the withholding payments of $7,458 in 2007 are more than 100% of the tax shown on petitioner's

(continued...)

**[*12]** evidence that allocated the adjusted gross income and tax per return for 2006 between petitioner and his spouse.  Therefore, the Court cannot complete its analysis to decide petitioner's required annual payment under section 6654(d)(1)(B) for 2007 because, although it can calculate 90% of petitioner's tax for 2007 under clause (i), it cannot identify the number equal to 100% of the tax shown on petitioner's 2006 return under clause (ii).  See Wheeler v. Commissioner, 127 T.C. at 212.  Respondent has failed to carry his burden of production; thus, the addition to tax for failure to pay estimated tax for 2007 is not sustained.

The Court has considered all of the arguments made by the parties, and to the extent they are not addressed herein, they are considered unnecessary, moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[8](...continued)
2006 joint return before the application of the regulations to account for filing separately in a community property State.